STATE, *ex rel.*, *v.* DuBose.

(*Jackson.* May 10, 1890.)

DUELING. *Aiding in duel outside of State no disqualification for office.*

A person, who, being a citizen of this State, has, since the adoption of
the Constitution of 1870, aided and abetted in another State in a duel
there fought, is not thereby disqualified to hold a judicial office in
this State under that clause of said Constitution providing: "Any
person who shall, after the adoption of this Constitution, fight a
duel, or knowingly be the bearer of a challenge to fight a duel, or
send or accept a challenge for that purpose, or be an aider and abettor
in fighting a duel, shall be deprived of the right to hold any office of
honor or profit in this State, and shall be punished otherwise in such
manner as the Legislature may prescribe."
Constitution construed: Art. IX., Sec. 3.

FROM SHELBY.

Appeal from Chancery Court of Shelby County.
B. M. ESTES, Ch.

Bill filed by the State on relation of certain
citizens to remove the defendant, J. J. DuBose,
from the office of Judge of the Criminal Court of
Shelby County. The cause for removal stated in
the bill is that said DuBose aided and abetted
and acted as second in a duel in Arkansas since
the adoption of the Constitution of 1870, and was

48—4 P

therefore disqualified to˙ enter upon and. hold said office. The bill was dismissed upon demurrer, on the ground that the Legislature has exclusive jurisdiction over all questions touching the removal of judicial officers.* The State appealed.

L. LEHMAN and Attorney-general PICKLE for State.

HEISKELL & HEISKELL, J. H. MALONE, SMITH & COLLIER, H. CRAFT,˙ and W. M. RANDOLPH for DuBose.

TURNEY, Ch. J. The bill charges that defendant was elected Judge of the Criminal Court of Shelby County on August 5, 1886, and was commissioned by the Governor, took the prescribed oath, and entered upon the discharge of the duties of the office; "that said DuBose was engaged, whilst he was a citizen of the State of Tennessee, as a second in a duel since the adoption of the Constitutions of 1835 and 1870; that in the month of June, 1870, a dispute arose between James Brizzolari and George R. Phelan, who were both then citizens of Shelby County, Tennessee, and which

---

*The question chiefly debated on the hearing in the Supreme Court was that of jurisdiction. The defendant's counsel insisted that the Legislature alone had the power to remove a judicial officer under Article V., Sections 1-5, and Article VI., Section 6, of Constitution of 1870, and that Judge DuBose could not, therefore, be dealt with by the Courts. The State's contention was that DuBose was, at best, only an officer *de facto*, and not within the purview of the constitutional provisions, and therefore subject to the jurisdiction of the Courts. While this question is not expressly decided, the Court seems to have taken jurisdiction of this cause so far as to determine upon the sufficiency of the case made in the bill.—REPORTER.

resulted in hostile communications between them, from which, after one had challenged the other in writing, a duel resulted, which was fought in the State of Arkansas, in Crittenden County, a short distance south of the city of Memphis; that said duel was fought on the evening of June 28, 1870; that when said duel was fought, said J. J. DuBose was present, and not only aided and abetted the same by giving encouragement thereto by his presence, but in said duel appeared and acted as the second of said James Brizzolari."

There is no charge that he aided, abetted, or encouraged the combatants in this State, nor that he acted as second or carried a challenge in this State. There is not so much as an intimation that he knew of, or even suspected, while in the State, a challenge or intended challenge. So far as the bill discloses (and we must be governed by that), his first knowledge of hostility between the combatants was acquired on the battle-field in a sister State.

The prayer of the bill is "that said DuBose' be adjudged not entitled to fill or hold said office of Judge; that it be adjudged that he has held, and now holds, said office unlawfully; that he has usurped, and is now usurping, unlawfully, the office; that he be removed from the same, and enjoined from exercising any of the powers, or receiving the profits connected therewith," etc.

The complaint made and relief sought are based on Section 3 of Article IX. of the Constitution of

the State, in the words: "Any person who shall, after the adoption of this Constitution, fight a duel, or knowingly be the bearer of a challenge to fight a duel, or send or accept a challenge for that purpose, or be an aider and abettor in fighting a duel, shall be deprived of the right to hold any office of honor or profit in this State, and shall be punished otherwise in such manner as the Legislature may prescribe;" and on §§ 4146 and 4161 (M. & V.) Code, which provides: "An action lies under the provisions of this chapter in the name of the State against the person or corporation offending in the following cases:

"1. Whenever any person unlawfully holds or exercises any public office or franchise within this State, or any office in any corporation created by the laws of this State."

"§ 4161. When a defendant, whether a natural person or a corporation, is adjudged guilty of usurping, unlawfully holding or exercising any office or franchise, judgment shall be rendered that such defendant be excluded from the office or franchise, and that he pay the costs."

Returning to the clause of the Constitution, and admitting the allegations of the bill to be true, is the defendant obnoxious to the charge of its violation? We think not. He did not bear, send, or accept a challenge in the State; he did not aid or abet in fighting a duel in the State; he had nothing whatever to do with a duel, its preparations, or ceremonials, in the State; and from the

State, *ex rel.*, *v.* DuBose.

charges we may legitimately infer that he came to all the knowledge he ever had of a contemplated duel in the field in the State of Arkansas.

The Convention ordaining and the people adopting the Constitution must be presumed to have intended to regulate and govern the conduct of those within the State. If there were any doubt of such purpose and intention, that doubt is removed by the closing paragraph of the article cited, to wit: "And shall be punished otherwise in such manner as the Legislature may prescribe."

Of course the Convention did not undertake to clothe the Legislature with authority to punish for an offense committed in a sister State or a foreign land. Construing the article as a whole, we conclude the offense specified is limited by the delegation of authority to punish. Each State necessarily has the exclusive jurisdiction to try and punish offenders within its territory. To fight a duel, to aid and abet in one, to give or bear a challenge in Arkansas, is no offense against the laws of Tennessee. Of course, any of these acts inaugurated and participated in in this State, to be consummated in another, is a violation of our Constitution and laws, and the person so violating is amenable thereto.

For the reasons given, the decree of the Chancellor dismissing the bill is correct, and will be affirmed.