JIM CHRISTIE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 16, 1903.*

1. CONSTITUTIONAL LAW—*act punishing bribery in elections is constitutional.* Section 83 of Election act, punishing by disfranchisement any person soliciting a bribe to procure votes at an election, is not in violation of section 1 of article 7 of the constitution, authorizing disfranchisement for "infamous crimes," since the crime of bribery, including bribery at elections, was deemed "infamous" at the time the constitution of 1870 was adopted.

2. INDICTMENT—*sufficiency of indictment for soliciting bribe.* An indictment for soliciting a bribe to procure votes for a candidate for office need not allege the party was a *legal* candidate.

3. APPEALS AND ERRORS—*when question of error in examining jurors is not presented.* The question of error in the examination of jurors is not raised for review on appeal, where the only statement of what occurred appears in the motion for new trial, which is not even supported by affidavit.

4. INSTRUCTIONS—*an instruction should not call especial attention to particular evidence.* It is not error, in a criminal case, to modify an instruction by striking out that part thereof calling the especial attention of the jury to the evidence bearing upon the defendant's good character.

5. SAME—*instruction may refer to indictment.* An instruction authorizing the jury to find the accused guilty if they believe, from the evidence, beyond a reasonable doubt, that he committed the crime "as charged in the indictment," is not erroneous, where the indictment states all facts necessary to a conviction.

206—22

WRIT OF ERROR to the County Court of Williamson county; the Hon. RUFUS NEELY, Judge, presiding.

GEORGE W. YOUNG, and BURNETT & SLATER, for plaintiff in error.

H. J. HAMLIN, Attorney General, (L. D. HARTWELL, State's Attorney, and GEORGE B. GILLESPIE, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was indicted in the circuit court of Williamson county under section 83 of chapter 46, Revised Statutes, for soliciting, requesting and demanding $80 from one H. S. Harris, a candidate for sheriff of said county, to procure the votes of the legal voters of Eight-mile precinct for said candidate. That section provides, that any person who shall solicit, request, demand or receive, directly or indirectly, any money, intoxicating liquor or other thing of value, or the promise thereof, either to influence his vote, or to be used, or under the pretense of being used, to procure the vote of any other person or persons, or to be used at any poll or other place, prior to or on the day of an election, for or against any candidate for office, shall be deemed guilty of the infamous crime of bribery in elections, and upon conviction thereof in any court of record shall be sentenced to disfranchisement by the judge of such court for a term of not less than five years nor more than fifteen years, and to imprisonment in the county jail not less than three months nor more than one year, and to pay the costs of prosecution. (Hurd's Stat. 1899, p. 749.) The indictment was certified to the county court for process and trial. The defendant moved the court to quash the indictment, on the grounds that the section upon which it was founded was in violation of the constitution, and that the indict-

ment was insufficient for a failure to allege that Harris
was a legal candidate, whose name was lawfully entitled
to appear upon the official ballot. The motion was over-
ruled, and the defendant pleaded not guilty. Upon a trial
the jury found him guilty, and he was sentenced to dis-
franchisement for a term of five years and to imprison-
ment in the county jail for three months.

It is contended that the statute under which the de-
fendant was convicted is in conflict with section 1 of
article 7 of the constitution, which confers the right of
the elective franchise upon resident citizens having the
qualifications prescribed in that section. The argument
in support of that proposition is, that any person entitled
to vote at an election in this State under the provisions
of section 1 cannot be deprived of that right except upon
conviction of an infamous crime, as provided by section 7
of the same article; that bribery in elections was not an
infamous crime in the law at the time of the adoption
of the constitution; that in determining what crimes are
infamous we must give the words the same meaning and
effect that they had at the time they were written in the
constitution, and that by adopting that rule the crime of
bribery in elections is not infamous, within the meaning
of section 7. The Attorney General contends that the
legislature have power to take away the elective fran-
chise as a punishment for crime in like manner as the
citizen may be deprived of rights to life, liberty and
property secured to him by the constitution. But if we
find that the crime of bribery in elections was deemed
infamous when the constitution was adopted, it will not
be necessary to consider the other question.

Section 7 above referred to is as follows: "The Gen-
eral Assembly shall pass laws excluding from the right
of suffrage persons convicted of infamous crimes," and
by the statute in question the crime of which defendant
was convicted was declared to be infamous, and disfran-
chisement was imposed as a penalty. At common law

certain crimes were of such character that infamy arose from their commission, and the criminal was deemed infamous. In this State the common law was superseded by a statute enumerating infamous crimes. The statute in force at the time of the adoption of the present constitution, in 1870, was section 174, division 15, chapter 30, of the Revised Statutes of 1845, by which the legislature designated certain crimes, and provided that each and every person who might thereafter be convicted of any such crime should be deemed infamous, and should forever thereafter be rendered incapable of holding any office of honor, trust or profit, of voting at an election, of serving as a juror and of giving testimony. This statute did not include the crime of bribery in general or bribery in elections. Said statute, however, did not embrace all the law relating to the subject of bribery or bribery in elections. Section 143, division 11, of the same chapter of the Revised Statutes of 1845, provided for the punishment of any person convicted of bribery in elections by a fine not exceeding $500 and disqualification for voting at any election in the State for five years, and this statute remained in force when the present constitution was adopted. The people had also given to the offense of bribery the character of infamy by a provision in the constitution of 1848. Section 31 of article 3 of that instrument was as follows: "The General Assembly shall have full power to exclude from the privilege of electing, or being elected, any person convicted of bribery, perjury or other infamous crime." In the present constitution the form of the provision for excluding persons from the elective franchise was changed, and it assumed the form, in section 7, of a command to the legislature to exclude from the right of suffrage all persons convicted of infamous crimes, but the crime of bribery did not cease to be regarded as infamous. On the contrary, it was provided by section 4 of article 4 of the constitution as follows: "No person who has been, or

hereafter shall be, convicted of bribery, perjury, or other infamous crime,  *  *  *  shall be eligible to the General Assembly, or to any office of profit or trust in this State." The offense of bribery in elections involves moral turpitude and falls within the class of crimes deemed infamous, and in both the constitution of 1848 and that of 1870 bribery was so classed by the people.  In both instruments bribery of all kinds, which included bribery in elections, was classed with perjury as rendering the offender infamous, one showing him to be insensible to the obligations of an oath, and the other proving him alike insensible to the obligations and duties of a citizen and unfit to exercise the elective franchise.  We do not see how it can be said that the framers of the constitution, or the people, did not intend that bribery in elections should be included as an infamous crime, within the meaning of section 7.

The other point in support of the motion to quash is, that the indictment was defective in not alleging that Harris was a legal candidate, whose name was lawfully entitled to appear upon the official ballot.  The indictment was substantially in the language of the statute creating the offense, setting it forth specifically in the statutory language, so as to fully inform the defendant of the nature of the charge.  It alleged that Harris was then and there a candidate for sheriff of said county; and any candidate for office is a legal candidate and entitled to have his name written on the ballot by those who are willing to vote for him.  (*Sanner* v. *Patton*, 155 Ill. 553.) Harris had a right to be a candidate whether he was nominated by a political party or not, and it was no less a crime to request or demand money from him for procuring votes if he had not been so nominated.  The allegations of the indictment were sufficient.

It is assigned for error that the court permitted the State's attorney, upon the examination of jurors, to read the statute, and if they answered that they believed the

statute invalid and were opposed to its provisions, they were challenged for cause and excused by the court. None of these things appear in the record. Neither the examination of the jurors, nor any ruling of the court, nor exception thereto, is preserved for review. All that appears is a statement in the motion for a new trial, and it is not even supported by affidavit. That method of stating what occurred upon the trial is not sufficient. (*Mayes* v. *People,* 106 Ill. 306.) Not conceding that a juror who did not believe in the validity of the law and was conscientiously opposed to its enforcement would be competent to sit in the case, the record does not·raise the question..

It is next insisted that the court erred in modifying the fifth instruction asked by the defendant. The instruction was on the subject of the previous good character of the defendant, which there was evidence tending to prove. The part erased by the court is as follows: "And if, after a careful consideration of all the evidence in the case, including that bearing upon the defendant's good character as a man and citizen, the jury entertain any reasonable doubt of the defendant's guilt, then it is their duty to acquit the defendant and return a verdict of not guilty." The instruction as given allowed to the defendant the benefit of the evidence respecting his previous good character, as tending to show that he would not be likely to commit the offense alleged against him. The modification was in conformity with the rule established by our decisions, by which it has always been held to be error to call the especial attention of the jury to particular evidence or a particular kind of evidence so as to give it especial weight. The jury were repeatedly informed by other instructions that if they entertained any reasonable doubt of defendant's guilt it was their duty to acquit him, and it is not error to eliminate from an instruction a reference to particular facts or particular evidence so as to give it especial prominence.

The third and fourth instructions given at the request of the People are objected to because they refer the jury to the indictment and do not contain in themselves the hypothesis of facts necessary to be proved to establish the defendant's guilt. They told the jury, in substance, that if they believed, from the evidence, beyond a reasonable doubt, the defendant committed the crime as charged in the indictment, they should find him guilty. The indictment stated all the facts necessary to the conviction, and if the jury believed that those facts had been proved by the evidence, beyond a reasonable doubt, it was their duty to find the defendant guilty. Moreover, the defendant ought not to be heard to complain of that instruction, since he asked and the court gave an instruction referring the jury to the indictment, and telling them that the People were bound to prove every material allegation contained in the indictment, beyond a reasonable doubt. That instruction which defendant procured to be given to the jury not only referred them to the indictment, but also allowed them to determine what allegations contained therein were material.

It is also alleged that the court erred in refusing to give the eighth, ninth and tenth instructions asked by the defendant. They were on the question of reasonable doubt and were repetitions of instructions given. It was not error to refuse them.

The evidence was conflicting, the witness Harris testifying to facts establishing the defendant's guilt, while the defendant testified to the contrary. The evidence of another witness tended to corroborate Harris, and there was testimony of a number of witnesses as to the good character of the defendant as a law abiding citizen. We cannot say that the verdict was against the weight of the evidence.

The judgment is affirmed.        *Judgment affirmed.*