CAMBRIA COAL CO. *v.* TEASTER.

(*Knoxville*, September Term, 1942.)

Opinion filed January 9, 1943.

LADD & CARSON, of Clinton, for plaintiff in error.

John Grady O'Hara, of Jellico, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a case arising under the Workmen's Compensation Law, Code 1932, section 6851 et seq., and the only question for determination is whether or not under Section 11762 of the Code a man who has been convicted of receiving stolen goods, but who has not been declared infamous as a part of the judgment of the court, the minutes not reciting infamy as a part of the judgment, is disqualified after having been released from prison from giving evidence for himself in regard to a compensable injury he has received.

A certified copy of the judgment showing that appellee was convicted and sentenced for a year and a day in the penitentiary for larceny is in the record, but the record does not show that it was a part of the judgment of the court that he be rendered infamous. While this question has been before this Court in various aspects, the determinative matter here has not heretofore been directly passed on in any of our reported decisions.

Section 11762 of the Code is, in part, as follows:

"Upon conviction of the crimes of . . . larceny, . . . it shall be part of the judgment of the court that the defendant be infamous, and be disqualified to exercise the elective franchise, and he shall also be disqualified to give evidence."

In the case of *Evans* v. *State,* 66 Tenn. (7 Baxt.), 12, it was held that this statute is one of punishment and is also a rule of evidence which remains unchanged by executive pardon. The Court in that case cites with approval 1 Greenleaf on Evidence, section 378, and uses the following language: "It is also laid down in the

note, that when the disability is declared by the express words of the statute, it is not important that it should be made a part of the judgment and entered of record."

In *Burton* v. *United States*, 202 U. S., 344, 26 S. Ct., 688, 694, 50 L. Ed., 1057, 1066, 6 Ann. Cas., 362, the Court, in discussing the effect of a judgment with reference to a convicted United States Senator thereafter holding federal office, said: "They might well have been omitted from the judgment. By its own force, without the aid of such words in the judgment, the statute makes one convicted under it incapable forever thereafter of holding any office of honor, trust, or profit under the government of the United States."

In *Fair* v. *State*, 2 Shannon Cas., 481, 482, 483, Mr. Chief Justice Deaderick, speaking for the Court, said:

"Sec. 3812 provides that a person convicted and sentenced for larceny, and other enumerated offenses, is incompetent to give evidence as a witness.

"Sec. 5226 provides that it shall be a part of the judgment of the court that the defendant be infamous and disqualified to give evidence, etc.

"This latter section directs that the judgment of infamy shall be a part of the judgment of the court upon conviction of an infamous crime.

"But we do not understand that the disqualification to testify, etc., depends upon the recital in the judgment on conviction that he is thus disqualified. The 3812th section of the Code declares that persons guilty of larceny, etc., are rendered incompetent to give evidence by conviction and sentence for that offense. It is the legal consequence of the conviction and sentence for the crime, which is affixed to it by our statute, as well as by the common law to numerous cases of a kindred nature. Nor does the incompetency to testify, on the ground of

infamy, depend upon the infliction of the infamous punishment, but it is the nature of the crime, and not the kind of punishment inflicted, which renders the party infamous and disqualifies him from giving evidence, . . .''

■■ In the instant case the record was produced and filed, duly authenticated. We are of opinion that under section 11762 it was mandatory upon the trial court to pronounce a judgment including infamy. No discretion was left in the matter, and we are bound to give effect to the plain legislative mandate.

It results that the judgment of the lower court will be reversed and the petition dismissed with costs.

GREEN, C. J., and CHAMBLISS, J., concur.

DeHAVEN and NEIL, JJ., dissent.

MR. JUSTICE DeHAVEN delivered the dissenting opinion.

At common law and under 5 Elizabeth, Ch. 9, it was not necessary on conviction for an infamous crime for the disability to be made a part of the judgment and entered of record. 1 Greenleaf, Ev., section 378, note 2. Obviously, our statute, Code 11762, was enacted to make it mandatory that the disability of infamy be pronounced in the judgment of the court. Section 11762 reads, in part, as follows:

"11762. When judgment renders defendant infamous. —Upon conviction of the crimes of . . . larceny . . ., *it shall be part of the judgment of the court that the defendant be infamous,* and be disqualified to exercise the elective franchise, and he shall also be disqualified to give evidence.'' Acts 1829, ch. 73, sec. 71 (Italics mine.)

The statute is highly penal and must, therefore, be strictly construed. Conviction for an offense declared infamous by the statute does not of itself carry the dis-

ability of infamy. Something more is required by the statute, viz: that it be a part of the judgment of the court that defendant be infamous. Infamy, under our statute, is imposed by the judgment of the court and not by conviction. But it is argued that the statute being mandatory in character, infamy results regardless of the fact that the judgment of the court does not adjudge the defendant infamous. This argument, in effect, is that by the very force of the statutory requirement it is unnecessary to do the thing required. If this argument be sound, then the legislature did a vain and useless thing when it incorporated in the statute the requirement that it shall be a part of the judgment of the court that the defendant be infamous, because without this premise the common law rule would apply under which it was not important that the disability be made a part of the judgment.

In *Mullen* v. *State,* 164 Tenn., 523, 528, 51 S. W. (2d), 497, 498, it was recognized that the judgment of the court must contain a sentence of infamy. The court said:

"It is finally contended that the accomplice, Tom Wright, was incompetent to testify because he had been rendered infamous. Plaintiff in error offered no minute entry to that effect; and since courts speak only through their minutes, *the fact that the court had pronounced a sentence of infamy would be ineffective until entered on the minutes."* (Italics mine.)

*Fair* v. *State,* decided by this court at Knoxville, September term, 1877, and appearing in 2 Shannon Cas., 481, is relied on in support of the contention that the disqualification of infamy results from conviction and sentence for an infamous crime regardless of the fact that such disqualification is not specifically imposed by the judgment of the court entered upon its minutes. The

decision in *Fair* v. *State* was rested upon section 3812 of the Code of 1858 (under the title, ''Competency of Witnesses'') which section was as follows:

''3812. Persons are rendered incompetent *by conviction and sentence* for the following crimes, unless they have been restored to full citizenship, under the law provided for that purpose, viz.: . . . larceny, . . .'' (Italics mine.)

Section 3812 was not carried forward into the Code of 1932.

In *Fair* v. *State* it was objected that in the judgment the disabilities of infamy were not imposed. The court said:

''Sec. 3812 provides that a person convicted and sentenced for larceny, and other enumerated offenses, is incompetent to give evidence as a witness.

''Sec. 5226 provides that it shall be a part of the judgment of the court that the defendant be infamous and disqualified to give evidence, etc.

''This latter section directs that the judgment of infamy shall be a part of the judgment of the court upon conviction of an infamous crime.

''But we do not understand that the disqualification to testify, etc., depends upon the recital in the judgment on conviction that he is thus disqualified. *The 3812th section of the Code declares that persons guilty of larceny, etc., are rendered incompetent to give evidence by conviction and sentence for that offense.* It is the legal consequence of the conviction and sentence for the crime, which is affixed to it by our statute, as well as by the common law to numerous cases of a kindred nature.'' (Italics mine.)

Section 3812 of the Code of 1858 was omitted by the legislature from the Code of 1932 and is, therefore, no

longer a part of the statutory law of this state. Code, section 2. Thus the basis for the holding in *Fair* v. *State* has ceased to exist.

The action of the legislature in thus repealing section 3812 of the Code of 1858 demonstrates a legislative intent that the disqualification of infamy should no longer result from conviction and sentence, but that such disqualification shall be imposed in the judgment of the court as provided by section 11762 of the Code, being section 5226 of the Code of 1858.

In many jurisdictions of the United States and in England the common law rule disqualifying witnesses because of conviction and sentence for infamous crimes has been abolished, but the conviction may be shown as going to the credibility of the witness. Prof. Wigmore, speaking of the common law rule, says, ''These anachronisms ought not to be longer continued.'' Certainly this court should not depart from the rule which requires a strict construction of a penal statute and hold a witness disqualified when his disability is not shown in the judgment of the court entered on the minutes. The interpretation of Code 11762, contended for by plaintiff in error, would extend the disqualifications beyond the plain language of the statute and, in effect, would be a harkback to the dark ages of the law.

Plaintiff in the instant case is seeking compensation, under the Workmen's Compensation Law, for accidental injuries suffered by him in the course of his employment. The learned trial judge, with long experience in the administration of the criminal laws of the state, overruled defendant's objection to the right of plaintiff to give evidence because of a conviction for petit larceny where the judgment produced did not pronounce infamy.

The objection was overruled, and, on the facts, the court allowed $20 compensation to plaintiff. This appeal is from this $20 judgment. In my opinion the judgment of the trial court should be affirmed.

NEIL, J., concurs.