BURDINE *v.* KENNON *et al.*

(*Nashville,* December Term, 1947.)

Opinion filed February 28, 1948.

BURT FRANCIS, of Nashville, for appellant.

LEVINE & LEVINE and KEEFE & NORMAN, all of Nashville for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Burdine, appellant here, filed in Davidson County Chancery his bill which was sworn to. It was assumed by the Chancellor in his disposition of the case that the character of the bill was such as to require Burdine's personal oath. In so far as it concerns the single question of law raised upon this appeal, we assume (without deciding) that the nature of the bill required the personal oath of the complainant.

Previous to the filing of this bill Burdine had served a term in a Federal Penitentiary as a result of a conviction in a United States District Court in Kentucky of that federal statutory offense commonly called counterfeiting. Under the federal statute conviction of this offense does not render the offender infamous.

Mr. and Mrs. Kennon, appellees here, plead in abatement to this bill that since Burdine had been convicted in the Federal Court of counterfeiting he is, therefore, "under section 11762 of the code" of Tennessee "rendered infamous and disqualified to give evidence and . . . is also disqualified in filing a sworn pleading in this cause."

This appeal is from the decree of the Chancellor holding "that the plea in abatement is well taken and should be sustained and the bill dismissed".

Counterfeiting is made a violation of the criminal law of Tennessee by Chapter 23 of the Acts of 1829, carried into the code at sections 10981 *et seq.* One who is convicted of counterfeiting is by code section 11762 disqualified to

give evidence. This code section is a part of the same Chapter 23 of the Acts of 1829. Aside from any other consideration, this necessitates a conclusion that the offense of counterfeiting for which the offender is rendered infamous by code section 11762 is the counterfeiting denounced by code section 10981 *et seq.*

Burdine was not convicted of violating code section 10981 *et seq.*; nor was he convicted in a Tennessee Court; nor for an offense committed in Tennessee. He was convicted in the Court of another jurisdiction for the violation of its criminal law against counterfeiting. So the question for decision here is whether under our code section 11762 a conviction in the Courts of another jurisdiction for the same act denounced by our statute, and specified in section 11762 as being an infamous crime, renders the party so convicted disqualified to give evidence in the Courts of Tennessee.

Code section 11762 provides that upon conviction of the crime of counterfeiting it "shall be part of the judgment of the court that the defendant be infamous . . . and . . . disqualified to give evidence". This legislative direction that upon conviction the court shall make as a part of its judgment an adjudication of infamy necessarily refers to the judgment of a criminal court of Tennessee. Our legislature, of course, has no authority to direct the courts of another jurisdiction what to include in its judgments, and would not presume to do so. The adjudication of infamy could not be made a "part of the judgment" except in connection with the judgment after trial convicting the defendant of counterfeiting. Code section 11762, therefore, necessarily means that upon conviction of the crime of counterfeiting in a court of Tennessee it "shall be part of the judgment" of that

Tennessee Court that the defendant be disqualified to give evidence.

Therefore, if Burdine is by code section 11762 disqualified to give evidence in a Tennessee Court by reason of his conviction in the Court of another jurisdiction of counterfeiting, then it must, *per force*, be by our reading into code section 11762 the expression "or of any other jurisdiction" so as to make code section 11762 read, in substance, that "upon conviction of the crime of . . . counterfeiting in the Courts of Tennessee or in the courts of any other jurisdiction the defendants . . . shall be disqualified to give evidence." So, finally, the determinative question here is whether this Court is authorized to liberalize code section 11762 by reading such provision into that code section upon the theory that it is implied.

The dissenting opinion written by Mr. Justice DE-HAVEN for himself and Mr. Justice NEIL in the case of *Cambria Coal Co.* v. *Teaster,* 179 Tenn. 472, 167 S. W. (2d) 343, 344, upon a matter unrelated to the question here, called attention to the fact that code section 11762 "is highly penal and must, therefore, be strictly construed". No doubt but that among the cases which they had in mind in making that statement is our case of *Wilcox* v. *State,* 50 Tenn. 110. In the *Wilcox Case* the defendant was indicted and convicted of stealing a horse in violation of what is now code section 10931 which made horse stealing a separate and distinct offense from larceny, although, as the court observed, "horse stealing would be included within the common law definition of larceny". Code section 11762 included "larceny" as one of the crimes for which the offender should upon conviction be rendered infamous, but at the time of the decision in the *Wilcox Case* the crime of horse stealing was not included among those offenses. However, in

an much as horse stealing was undoubtedly larceny the Circuit Judge felt justified in including as a part of the judgment against Wilcox of horse stealing an adjudication that "he be rendered infamous and disqualified to give evidence". This Court held that such adjudication of infamy was error and in so holding said: "The affense of horse stealing is not especially mentioned in the code 5226" (now 11762) "authorizing a judgment of infamy and disqualification . . . It cannot be doubted that such an offense is within the spirit of those sections, but a judgment of such serious consequences cannot be pronounced without direct authority of law, and it is beyond all question that it is not authorized by the Act."

██ The *Wilcox Case* controls the case at bar. The very strict construction placed by that case upon code section 11762 and the principle which it enunciates in the application of that code section prohibits this Court from reading into that code section a provision that conviction of counterfeiting in the Court of a foreign jurisdiction shall render the defendant disqualified to give evidence in the Courts of Tennessee. This holding is in accord with that of *Logan* v. *United States*, 144 U. S. 263, 12 S..Ct. 617, 630, 36 L. Ed. 429; *State ex rel. Mitchell* v. *McDonald*, 164 Miss. 405, 145 So. 508, 86 A. L. R. 290, 296, wherein that Court said: "At common law, and on general principles of jurisprudence, when not controlled by *express* statute giving effect within the state which enacts it to a conviction and sentence in another state, such conviction and sentence can have no effect, by way of penalty, or of personal disability or disqualification, beyond the limits of the state in which the judgment is rendered." (Our italics.) The reason for this rule is stated in the Massachusetts case of *Com-*

*monwealth* v. *Green,* 17 Mass. 515; *State ex rel. Mitchell* v. *McDonald,* 164 Miss. 405, 145 So. 508, 86 A. L. R. 290, 295, as being because (1) ''penal laws have no effect beyond the jurisdiction'' and (2) ''the fact that infamy is a punishment as well as a stigma on character''.

Wigmore on Evidence, section 522, states that the ''weight of modern opinion seems'' to be in accord with the conclusion which we have reached. However that may be, we are satisfied that under the holding of our case of *Wilcox* v. *State, supra,* code section 11762 cannot apply to a conviction and sentence for a felony of which a defendant was convicted in the courts of another state or jurisdiction. Hence, such conviction in such other jurisdiction does not render the defendant incompetent under this code section as a witness in the courts of Tennessee.

Reversed and remanded for further proceedings with costs of this cause adjudged against the appellees.

All concur.