STATE *ex rel.* KIMBROUGH *v.* SWAFFORD, WARDEN.

(Nashville, December Term, 1950.)

Opinion filed January 13, 1951.

O. V. MYERS, of Nashville, for appellants.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a habeas corpus proceeding against the Warden of the state prison. The Circuit Judge dismissed the petition and this appeal resulted. The question presented is the release of the relator from the state prison.

In 1943 relator was sentenced to a term of three to five years in the state prison on a felony charge. After serving a portion of his sentence, he was paroled for the remainder of it, amounting to thirteen months and some days. While under parole, he was convicted of robbery and sentenced to not less than five years for the second crime. It seems that the trial judge did not follow the provisions of Williams' Tennessee Code Annotated, Section 11843.13, which reads as follows: "11843.13. Felony committed while on parole.—If any prisoner be convicted in this state of a felony committed while on parole from a state prison, he shall, in addition

to the sentence which may be imposed for such felony, and before beginning to serve such sentence, be compelled to serve in state's prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole to the expiration of such maximum."

The judgment provided that the sentences should begin to run from the date of his delivery to the keeper of the state prison. After the relator had served a time equal to his maximum time upon the second sentence, he brought this proceeding against the warden, claiming he had served the remainder of his sentence upon which he was paroled concurrently with the subsequent sentence and that he was entitled to be released.

We think that the above quoted section is clear and free from any ambiguity. It certainly was the intention of the legislature that where the parolee violated the law, this would work a forfeiture of his time given for proper conduct. The fact that the judgment of the court recited that the five years should begin to run from the time of his delivery to the keeper could not be held to mean that the positive mandate of the statute could be changed.

We seem to have no reported case in this state dealing with the above proposition, but in *State ex rel.* v. *Mayes,* 165 Tenn. 381, 54 S. W. (2d) 941, 942, this Court quoted from *State* v. *Maloney,* 92 Tenn. 62, 20 S. W. 419 as follows: "These cases establish the constitutional principle that if a statute creates an office and fixes the term contrary to the express provisions of the Constitution, the provisions of the statute creating the office may be enforced, with the constitutional term substituted for the invalid statutory term."

■ So, upon principle, where there is a mandatory provision of the statute and the trial judge fails in his judgment to carry this out or makes an erroneous entry this cannot be held to strike down the efficacy of the statute.

In this connection, see also *Cambria Coal Co.* v. *Teaster,* 179 Tenn. 472, 167 S. W. (2d) 343.

It results that we find no error in the judgment of the lower court dismissing the petition and it must be affirmed.

All concur.