**Sam Reed SCRUGGS, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 17757.**

United States Court of Appeals
Sixth Circuit.

July 31, 1967.

Sam Reed Scruggs, in pro. per.

David W. McMackin, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., on the brief, George F. McCanless, Atty. Gen., State of Tenn., of counsel, for appellee.

Before PHILLIPS, EDWARDS and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal by a prisoner, who now is incarcerated in the Tennessee State Penitentiary, from an adverse decision rendered against him in the district court.

Appellant was convicted in the criminal court of Davidson County, Tennessee, in 1953 under three indictments charging highway robbery and received a total sentence of from twenty to thirty-four years. In September 1962 these sentences were commuted to ten to twenty-four years and appellant was paroled on October 9, 1962.

While on parole in 1963, appellant was convicted in the criminal court of Davidson County on eleven charges of burglary and received a total sentence of not less

than six nor more than thirteen years. The State trial court ordered these sentences to begin on the date of appellant's delivery to the keeper of the prison.

T.C.A. § 40–3620 provides that a parolee who is convicted of a felony while on parole must serve the remainder of the sentence from which he was paroled, or such part of that sentence as the Board of Pardons and Paroles may determine, before he commences serving the sentence affixed while on parole. Pursuant to this statute, appellant is now serving the remainder of his 1953 sentences.

■ Appellant filed a "Petition for Declaratory Judgment" in the district court, challenging the constitutionality of T.C.A. § 40–3620 on the ground that this statute is invalid as violative of the doctrine of separation of powers. District Judge William E. Miller treated the petition as an application for habeas corpus, correctly holding that the Declaratory Judgment Act, 28 U.S.C. § 2201, cannot be used as a substitute for habeas corpus. Olney v. State of Ohio, 341 F.2d 913 (C.A.6); Forsythe v. State of Ohio, 333 F.2d 678 (C.A.6).

■ District Judge Miller denied the application for habeas corpus, saying:

"The trial court provided that the sentences would begin on the date of petitioner's delivery to the keeper of the prison. According to the provisions of Tenn.Code Ann. § 40–3620, however, petitioner has been compelled to serve the remainder of the sentence from which he was paroled before commencing service on his new sentences. Petitioner now contends that this statute is unconstitutional because the function of determining when a sentence shall commence is judicial rather than legislative.

"Petitioner correctly notes that the Supreme Court of Tennessee has passed upon the question he is now raising. That Court, in [State ex rel.] Kimbrough v. Swafford, 191 Tenn. 588 [235 S.W.2d 589] (1951), held that in cases under the statute in question where it is provided by the trial court that the sentence is to begin upon delivery of the prisoner to the keeper of the prison the positive mandate of the statute is not changed by the recital of the trial court. Petitioner's position, then, is that the Supreme Court of Tennessee could not properly make the determination which it did in the *Kimbrough* case since such a determination violates the separation of powers doctrine. Petitioner, however, overlooks the fact that courts, in the exercise of their functions, must apply laws made by legislative authorities. Clearly, the State Supreme Court has ruled that the imposition of an invalid sentence contrary to the statute in question will automatically be corrected by substituting the statutory sentence for the invalid sentence. This being the extent of petitioner's allegations, it does not appear that any federal constitutional question is raised. In addition, petitioner states that he is not seeking immediate release but is only seeking the right to meet with his parole board two months before the time when he would first be eligible for parole if his contentions were upheld.

"For the reasons that no federal question is presented and that petitioner fails to present a sufficient issue the determination of which in his favor would result in his release, the Court is of the opinion that the said petition of Sam Reed Scruggs should be, and the same is hereby, denied."

The judgment of the district court is affirmed.