**The People of the State of Illinois on the Relation of Merle Symonds, et al., Plaintiffs-Appellants, v. James V. Gualano, Defendant-Appellee.**

Gen. No. 52,502.

First District, Third Division.

June 6, 1968.

Rehearing denied September 11, 1968.

Jeremiah Marsh, of Chicago (Hackbert, Rooks, Pitts, Fullagar & Poust, of counsel), for appellants.

Bernard J. Hennessy, of Chicago (Schultz, Hennessy & McGrath, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The question presented in this appeal is whether an individual who has been convicted of the crime of using the mails to defraud is ineligible to hold public office in this state.

The respondent-defendant is presently serving a four-year term as president of the Village of Justice, having been elected to that office in April of 1965. He is also a member and acting chairman of the village's Zoning Board of Appeals and is the treasurer of the Justice-Willow Springs Water Commission.

In 1935, after pleading guilty to two counts of mail fraud, the respondent was sentenced to serve one year and a day in the penitentiary and fined $500 on each count by the United States District Court for the District of Colorado. In 1943 he entered a plea of guilty to several counts of mail fraud and was sentenced, by the Federal District Court for the Southern District of Indiana, to a term of 18 months in the penitentiary and fined $1,000. The court suspended the sentence for three years and placed him on probation for that period.

The relators-plaintiffs are residents, taxpayers, voters and trustees of the Village of Justice. One of their number, Merle Symonds, was the respondent's political opponent for the office of president in the 1965 election. Prior to the commencement of this quo warranto action the relators complied with the prescribed statutory procedure and requested the attorney general of Illinois and the state's attorney of Cook County to bring a similar suit against the respondent. These requests were refused. The relators then instituted the present action seeking to oust the respondent from the positions held by him on the ground that the offense of using the mails to defraud is an infamous crime under Illinois law.

There was no dispute as to the facts and both sides moved for summary judgment. The trial court found that

250

the crime of mail fraud is not infamous and denied the relators' motion. Judgment was entered in favor of the respondent.

The relators' suit is based upon the Illinois constitution and a statute which implements it:

"No person who has been, or hereafter shall be, convicted of bribery, perjury, or other infamous crime, nor any person who has been or may be a collector or holder of public moneys, who shall not have accounted for and paid over, according to law, all such moneys due from him, shall be eligible to the general assembly, or to any office of profit or trust in this state." Constitution of Ill, 1870, art IV, § 4.

"A person convicted of an infamous crime shall forever thereafter be rendered incapable of holding any office of honor, trust or profit, or voting at any election, or serving as a juror, unless he or she is again restored to such rights by the terms of a pardon for the offense or otherwise according to the law." Ill Rev Stats 1965, c 38, par 124–2(a).

The respondent's defense is based upon the statute which catalogues infamous crimes:

" 'Infamous crimes' are the offenses of arson, bigamy, bribery, burglary, deviate sexual assault, forgery, incest or aggravated incest, indecent liberties with a child, kidnapping or aggravated kidnapping, murder, perjury, rape, robbery, sale of narcotic drugs, subornation of perjury, and theft if the punishment imposed is imprisonment in the penitentiary." Ill Rev Stats 1965, c 38, par 124–1.

The respondent maintains that the legislature has exclusive authority to designate the crimes which are infamous and that an offense not enumerated in the statute is not infamous. This position is not without sup-

251

port for it has been held that whether a crime is infamous depends upon the statute and not upon the court's view of its moral aspects or the common law. People v. Kirkpatrick, 413 Ill 595, 110 NE2d 519 (1953); People v. Green, 292 Ill 351, 127 NE 50 (1920); People v. Russell, 245 Ill 268, 91 NE 1075 (1910); Christie v. People, 206 Ill 337, 69 NE 33 (1903). For example, in People v. Russell the court said:

> "Whether or not a crime is infamous in this State depends, not upon the common law but upon the statute. The constitution does not define, or restrict the legislature in defining, infamous crimes, and the power has always been exercised and recognized."

However, such pronouncements were disavowed in People ex rel. Keenan v. McGuane, 13 Ill2d 520, 150 NE2d 168 (1958)—a case involving a question similar to that presented here. The court there said:

> "[W]e conclude that the determination of what constitutes an infamous crime, insofar as it effects a vacancy in office, is not an exclusive legislative function, but is subject to judicial decision in the light of the common law as it existed when the constitution was adopted in 1870. We therefore conclude that the cases of Christie v. People and People v. Russell, and similar decisions, are not controlling of the case at bar."

In Keenan the petitioner was convicted of federal income tax evasion while serving as assessor of Cook County. On advice of the state's attorney the Board of County Commissioners dismissed him from office and appointed a successor. The ousted official then filed an original petition for mandamus in the Supreme Court seeking to be reinstated. The court, in rejecting the petitioner's contention that he had not been convicted of

an infamous crime and that only the offenses enumerated in the statute could render a person ineligible for office, stated:

> "For the purpose of effecting a vacancy in office, we hold a felony to be infamous within the concept of the common law, if it is inconsistent with commonly accepted principles of honesty and decency, or involves moral turpitude. We find that the crime of which the petitioner stands convicted was federally denominated as felonious and infamous and that it falls within this classification."

The crime of mail fraud, to which the respondent in the present case twice pleaded guilty, is also "federally denominated as felonious and infamous." The essence of the crime is the formation of a scheme with the intent to defraud and the use of the mails in furtherance of that scheme (United States v. White, 355 F2d 909 (7th Cir 1966)) and the crime is a felony under federal law where all such crimes are considered infamous. 18 USCA, § 1; 18 USCA, § 1341; Falconi v. United States, 280 F 766 (6th Cir 1922).

In People ex rel. Ward v. Tomek, 54 Ill App2d 197, 203 NE2d 744 (1964) the court sustained an order which ousted from office five officials of Stickney Township who had been convicted of conspiring to defraud the township. The court declared that the determination of what is an infamous crime, insofar as it affects forfeiture of office, is not exclusively the function of the legislature.

The respondent points out that Keenan and Tomek involved officials who were convicted while they were holding positions of honor and trust and argues that these cases cannot be considered as governing the situation where a person has been convicted prior to being elected to office.

 Although the Keenan and Tomek cases can be distinguished from the present one in that the officials

in those cases were in office at the time of their convictions while the respondent was not, this is a distinction without a difference. The constitution bars anyone from holding office who *has been* found guilty of an infamous crime and the statute states that a person so convicted shall *forever thereafter* be incapable of holding office. The determinative question is not when the conviction takes place but whether the conviction is for an infamous crime. In this, we must follow the standard promulgated in Keenan in deciding whether or not the crime of mail fraud is infamous under Article IV, section 4. The conclusion must be that it is for it falls within the general classification of being inconsistent with commonly accepted principles of honesty and decency. It also is a crime involving moral turpitude. In re Needham, 364 Ill 65, 4 NE2d 19 (1936). The statute (c 38, par 124–1) is not controlling, for the legislature in listing the crimes which will disqualify an individual from holding a position of honor, trust or profit, legislated beyond the boundaries of its authority into an area which is subject to judicial interpretation. The authority of the judiciary to interpret infamous crimes for purposes of disqualification extends to the situation where the individual has been convicted prior to assuming his position as well as to the situation where the conviction is obtained while he holds office.

The respondent's last conviction took place a quarter of a century ago, his probation was satisfactorily discharged and, presumptively, his life during the intervening years merited the trust the citizens of the Village of Justice imposed in him. However, the language of the constitution is absolute and makes no provision for a mitigation of its prohibition with the passage of time. The statute provides for the restoration of the rights of citizenship if there is an appropriate pardon. But the respondent has not been pardoned and his rehabilitation,

which deserves commendation, does not redound to his favor insofar as the right to hold public office is concerned.

The trial court incorrectly held that the crime of mail fraud is not infamous. The judgment in favor of the respondent is reversed and the cause remanded with directions to grant the plaintiffs' motion for summary judgment.

Reversed and remanded with directions.

SCHWARTZ and SULLIVAN, JJ., concur.