Max E. STINER, Appellant,

v.

Larry MUSICK, Calvin Byrd, Fred A. Mitchell, Robert M. Sams and Donna N. Thompson, Individually and in their Capacity as Members of the Jefferson County Election Commission and the Jefferson County Election Commission, Appellees.

Supreme Court of Tennessee.

Sept. 18, 1978.

Franklin Park and John R. Conkin, Jefferson City, for appellant.

A. Benjamin Strand, Jr., Strand & Goddard, Dandridge, for appellees.

OPINION

COOPER, Justice.

This appeal turns on the question of whether a conviction and a six month sentence imposed in federal court disqualifies a person from holding office under this State.

In May, 1977, the appellant, Max Stiner, was convicted of aiding and abetting mail fraud as proscribed by 18 U.S.C. §§ 2, 1341 (1964), a felony under federal law.[1] He was sentenced to six months imprisonment, which he served at the Federal Prison Camp at Maxwell Air Force Base, Maxwell, Alabama. On March 1, 1978, he filed with the appellees, the Jefferson County Election Commission, a petition which nominated him as a candidate for the office of Trustee of Jefferson County, subject to the Republican primary scheduled for May 2, 1978. The Election Commission refused to place the appellant's name on the ballot, contending that he was barred from holding public office by the provisions of T.C.A. § 40–2714, which provides as follows:

> Every person convicted of a felony *and* sentenced to the penitentiary, except for manslaughter, is also disqualified from holding any office under this State. [emphasis supplied]

The appellant brought this action, seeking to enjoin the appellees from refusing to place his name on the ballot for the Republican primary, and to obtain a declaratory judgment that he is not disqualified from holding office by virtue of T.C.A. § 40–2714. The chancellor found that he is disqualified, and this appeal ensued.

---

1. Congress has passed several statutes that exclude persons convicted of specified offenses from holding a federal office. *See* Vand.L.Rev. 929, 990 for partial list of such statutes. However, the denial of the right to hold federal office is not a part of the punishment prescribed for conviction of the offense of aiding and abetting mail fraud. *See* 18 U.S.C. §§ 2, 1341 (1964).

The statute in question sets forth two conditions, each of which must be satisfied before the penalty attaches: First, the individual must have been convicted of a felony, and, secondly, he must have been sentenced to the penitentiary. It is not clear what, if any, application the legislature intended T.C.A. § 40–2714 to have to persons convicted and sentenced under federal law. It is, for instance, less than obvious that "felony" and "penitentiary" as used in the statute may be construed so as to include felonies under federal law and penal institutions in the federal system, respectively. *See* T.C.A. § 41–101; *Burdine v. Kennon,* 186 Tenn. 200, 209 S.W.2d 9 (1948); *State v. DuBose,* 88 Tenn. 753, 13 S.W. 1088 (1890); *Crothers v. Jones,* 239 La. 800, 120 So.2d 248 (1960). *Compare* cases cited, Annot., 39 A.L.R.3d 303. This is particularly true given the difference in both the significance and the purpose of the commitment of a convicted felon to an institution denominated a "penitentiary" in the federal as contrasted with our state system. *Compare, e. g.,* T.C.A. § 40–2703, § 41–101 with 18 U.S.C. §§ 4082, 4083. *See also United States v. Ramirez,* 556 F.2d 909 (9th Cir. 1976). However, assuming that such a construction is possible, we nonetheless believe that the statute is not applicable to the appellant or to those similarly situated. As we noted above, for the prohibition of § 40–2714 to apply the individual in question must have been sentenced to the penitentiary. Implicit in this criterion for a person convicted in state court is the further condition that he be sentenced to a term of one year or more, for persons sentenced to a lesser term cannot be sentenced to the state penitentiary. T.C.A. § 40–2703. We cannot believe that the legislature intended that a greater disability should result from a conviction and sentence in federal court than could have resulted had the

same sentence been imposed in a court of this State.[2] Therefore, we hold that the civil disability imposed by T.C.A. § 40–2714 does not attach when a person is convicted of a crime in federal court and receives a sentence of less than one year.

In the instant case, the appellant was sentenced to a term of six months. Perforce, he is not barred from holding office under this State by the provisions of T.C.A. § 40–2714. In so far as it held to the contrary, the chancellor's decree is reversed.

The costs of this cause will be taxed to the appellees.

HARBISON, J., and W. I. DAVIS, Special Judge, concur.

HENRY, C. J., and FONES, J., dissent.

HENRY, Chief Justice, dissenting.

Section 8–1801, T.C.A., provides, in pertinent part:

All persons of the age of eighteen (18) years who are citizens of the United States and of this state . . . are *qualified to hold office* under the authority of this state except:

(1) Those who have been convicted of offering or giving a bribe, or of larceny, *or any other offense declared infamous by law,* unless restored to citizenship in the mode pointed out by law. (Emphasis supplied.)

Any final determination of the qualification of the appellant for public office cannot be made without consideration of this statute, which specifically prohibits an individual convicted of an offense "declared *infamous by law*" from holding office. Section 8–1802, T.C.A., provides that any person who takes office in this state, "being under any of the disqualifications specified in § 8–1801, is guilty of a misdemeanor."

---

2. *See* Collateral Consequences of Criminal Conviction, 23 Vand.L.Rev., 929, wherein it is pointed out on page 964 that "[b]oth the Model Penal Code and the Uniform Act on the Status of convicted Persons state that the forum should use its own laws to characterize crimes so that the civil disability statutes of the forum state are applicable to foreign convictions only

if the offense in question is a disabling crime under the laws of the forum State." Model Penal Code § 306.2(1) (Proposed Off. Draft 1962); Uniform Act on Status of Convicted Persons § 1 in Handbook of the National Conference of Commissioners on Uniform State Laws 295–97 (1964).

To ignore the provisions of § 8–1801 in this case would be to assist in the violation of the laws of the State of Tennessee.

As set forth in the majority opinion "aiding and abetting mail fraud as proscribed by 18 U.S.C. §§ 2, 1341 (1964), [is] a felony under federal law." It is also an infamous offense under federal law. *Falconi v. United States,* 280 F. 766 (6th Cir. 1922). Mail fraud, however, is a crime known only to federal law. It is not found among the crimes listed as offenses against the State of Tennessee and is not specifically denominated or excluded as an infamous offense under state law.

The crucial question then is whether the phrase "any other offense declared infamous by law" found in Sec. 8–1801(1) refers to or includes offenses declared infamous not only by the laws of this state but also by the laws of the federal government. I would hold that it does.

The language of the statute is clear. It does not provide any limiting or restrictive definition of the "law" by which an offense must be declared infamous.

Section 8–1801 is not a part of the laws of criminal procedure of this State as are Sections 40–2714 (upon which the Chancellor based appellant's disqualification) or 40–2712 (the infamy statute). It is a part of those statutes designed to regulate and protect the governmental integrity of this state. Such a provision is designed to protect the public interest by assuring that only those who meet certain minimum standards may indulge in the privilege of holding office in Tennessee. It is not a form of punishment but an attempt by the legislature to insure and preserve good government. *See in general People ex rel. Taborski v. Illinois Appellate Court, First District,* 50 Ill.2d 336, 278 N.E.2d 796 (1972); *People ex rel. Symonds v. Gualano,* 97 Ill. App.2d 248, 240 N.E.3d 467 (1968); *State ex rel. Chavez v. Evans,* 79 N.M. 578, 446 P.2d 445 (1968); *Crampton v. O'Mara,* 193 Ind. 551, 139 N.E. 360 (1923); *State ex rel. Barrett v. Sartorious,* 351 Mo. 1237, 175 S.W.2d 787 (1943).

It is this concept that distinguishes this case from those strictly construing Section 40–2712, T.C.A., the statute listing crimes considered infamous in Tennessee.[1] As stated before, Sections 40–2712 and 2714 are part of the laws of criminal procedure of this state. They deal with the consequences of convictions in criminal actions and as such have been considered penal in nature and strictly construed. *See e. g., Wilcox v. State,* 50 Tenn. (3 Heisk) 110 (1871). A narrow construction of Section 8–1801, on the other hand, is not required and would defeat the purposes of the statute.

Section 8–1801 provides that any person convicted of an offense "declared infamous by law" is disqualified from holding office in this state. To hold that one who is guilty of a crime declared infamous by the laws of the United States is eligible to hold office, while holding that an individual guilty of a crime declared infamous by the laws of this State is ineligible, would be, to quote the language of the court in *Crampton v. O'Mara, supra,* 139 N.E. at 362, "anomalous, illogical and unjust." It would be to make the place where a crime occurred rather than the nature of the offense the determinant of a candidate's disqualification. *See State ex rel. Wier v. Peterson,* 369 A.2d 1076 (Del.1976). It would be contrary to the clear language of the statute.

I am bolstered in my opinion by the history of Section 8–1801(1). As it appeared in the Code of 1858, § 748, this section provided that individuals were not qualified to hold office if they had been convicted of any "offense declared infamous *by the laws of this State.*" (Emphasis supplied.) This language continued unchanged until the Code of 1932, § 1812, was enacted. At that time, this phrase, specifically requiring conviction of a crime declared infamous by the laws of Tennessee, was replaced with the present, more comprehensive language, the words "by law." I can think of no other legislative purpose for this modification.

1. *Burdine v. Kennon,* 186 Tenn. 200, 209 S.W.2d 9 (1948); *Wilcox v. State, supra.*

The appellant, having been convicted of an "offense declared infamous by Law" is disqualified from holding office in this state.

I would affirm.

I am authorized to state that Mr. Justice FONES concurs in this opinion.

