856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold LEE, Petitioner-Appellant,
v.
Michael DUTTON, Warden, Michael Cody, Attorney General of
Tennessee, Respondents-Appellees.
 No. 87-6352.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1988.
 
 Before ENGEL, Chief Judge, KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. Sec. 2254 asserting three grounds for relief: (1) he was discriminatorily denied the right to earn prisoner performance sentence credits because of his medical disability in violation of the equal protection clause; (2) the Tennessee Board of Pardons unconstitutionally denied him a speedy parole revocation hearing; and (3) the Board unlawfully enhanced his punishment by ordering that he serve his second sentence consecutively, rather than concurrently, as the trial court had ordered. Upon review, the district court dismissed the suit as frivolous.
 
 
 3
 Upon consideration, we affirm. Initially, we note that petitioner has not raised on appeal his claim that he was denied a speedy parole revocation hearing. This issue is therefore abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986); Hershinow v. Bonamarte, 735 F.2d 264, 266 (7th Cir.1984).
 
 
 4
 Petitioner's equal protection claim is without merit. Petitioner has not shown that the Tennessee Department of Corrections' policy codified in Tenn.Code Ann. Sec. 40-28-123 was drawn arbitrarily or that the resulting classifications are not rationally related to legitimate institutional objectives. See Turner v. Safley, --- U.S. ----, 107 S.Ct. 2254, 2261 (1987). Furthermore, petitioner's allegation that Tenn.Code Ann. Sec. 40-28-123(a) is unconstitutional is also without merit. See Scruggs v. Henderson, 380 F.2d 981 (6th Cir.1987) (per curiam).
 
 
 5
 Accordingly, petitioner's motion for appointment of counsel is denied and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.