IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

## STATE OF TENNESSEE v. DONALD WAYNE JOINER

**Appeal from the Criminal Court for Sullivan County
Nos. S45,092; S46,254; S46,255; S46,457; and S46,458     R. Jerry Beck, Judge**

---

**No. E2004-01060-CCA-R3-CD - Filed July 20, 2005**

---

The Appellant, Donald Wayne Joiner,[1] appeals the sentencing decision of the Sullivan County Criminal Court following revocation of probation. In July 2001 and July 2002, Joiner was convicted of multiple felony and misdemeanor offenses, resulting in an effective thirteen-year sentence in confinement with the Department of Correction. On October 28, 2003, while still an inmate in the Sullivan County Jail, Joiner escaped from confinement. At the time of Joiner's escape, in addition to the thirteen-year sentence, he was also under an effective eighteen-year suspended sentence, which was imposed consecutively to the thirteen-year sentence of confinement. Based upon Joiner's escape, his eighteen-year suspended sentence was revoked. On appeal, Joiner argues that the trial court abused its discretion by ordering confinement of the eighteen-year sentence instead of reinstating his probation. After review, we find no error and affirm the judgment of the trial court.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Gene Scott, Jr., Johnson City, Tennessee, for the Appellant, Donald Wayne Joiner.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and B. Todd Martin, Assistant District Attorney General, for the Appellee, State of Tennessee.

---

[1]The transcript of evidence shows the name Donald W. Joiner, and the technical record shows the name Donald Joiner; however, we utilize the name as charged in the indictment, Donald W. Joiner, to be consistent with Department of Correction records. Moreover, the record incorrectly lists that case nos. S46,256 and S45,042 are on appeal.

# OPINION

## Factual Background

On July 25, 2001, the Appellant pled guilty to aggravated burglary, theft under $500, and evading arrest, receiving an effective four-year suspended sentence. On February 19, 2002, the Appellant's suspended sentences were revoked, and he was ordered to serve the remainder of his sentences in confinement. On July 23, 2002, the Appellant was convicted of additional crimes, resulting in an effective nine-year sentence which was imposed consecutively to his four-year sentence for an effective thirteen-year sentence in confinement.

On July 23, 2002, the Appellant pled guilty to the additional crimes of theft over $10,000, vandalism over $10,000, two counts of auto burglary, two counts of theft over $1,000, setting fire to personal property, vandalism over $500, burglary, and three counts of statutory rape. For these offenses he was sentenced as a Range II offender to an effective eighteen-year sentence to be served consecutively to the thirteen-year sentence. The Appellant's eighteen-year sentence was suspended, and he was placed on probation.[2] The Appellant's eighteen-year probationary sentence was estimated to begin on April 16, 2015, and scheduled to expire on April 16, 2033.

On November 10, 2003, a violation warrant issued alleging that the Appellant had violated the terms of his probation by committing the offense of escape from the Sullivan County Jail on or about October 28, 2003, while serving the thirteen-year sentence of confinement. During the March 29, 2004 revocation hearing, the Appellant pled nolo contendere to violation of probation. At the hearing, the Appellant requested that the court not require him to serve the entire eighteen years in confinement due to a likely conviction on the escape charge, which would be required to be served consecutively. At the conclusion of the revocation hearing, the trial court denied the Appellant's request, ordering that the eighteen-year effective sentence be served in the Department of Correction.

## Analysis

Although not raised as an issue, we first address the question of whether the trial court had the authority to revoke the Appellant's suspended sentences prior to the commencement of the probationary term. The specific facts of this case appear to present an issue of first impression. We acknowledge the holding in *State v. Stone*, 880 S.W.2d 746, 748 (Tenn. Crim. App. 1994), which held that during service of a sentence of split confinement, if a probation violation occurs during service of the confinement term, the trial court may revoke probation irrespective of the fact that the defendant was not at the time serving under probation supervision. In this case, however, no portion

---

[2]The Appellant's and State's briefs reflect that the Appellant's aggregate sentences for the twelve convictions resulted in an effective eighteen-year sentence. Our calculations reflect an aggregate sentence of twenty-two years, as do the calculations of the presentence report filed in this case. The record also notes an additional four-year consecutive sentence with the Commonwealth of Virginia.

of the sentence was being served, as the sentence was scheduled to begin in 2015. The statutory procedure to revoke suspension of a sentence provides:

> Whenever it comes to the attention of the trial judge that any defendant, who has been released upon suspension of sentence, has been guilty of any breach of the laws of this state or who has violated the conditions of probation, the trial judge shall have the power to cause to be issued under such trial judge's hand a warrant for the arrest of such defendant as in any other criminal case.

Tenn. Code Ann. § 40-35-311(a) (2003).

We would observe that a distinction exists between the above statutory term "released upon suspension of sentence" and release to probationary supervision. *See Coffey v. Commonwealth*, 167 S.W.2d 343, 345 (Va. 1969) (citing *Marshall v. Commonwealth*, 116 S.E.2d 270, 273-74 (1960)). In this case, the judgments of conviction reflect that the Appellant's sentences were suspended on July 23, 2003, with imposition of the probationary term scheduled to begin in 2015. Because the Appellant sentences were suspended at the time of his escape, we conclude that the trial court had the authority to revoke upon finding a new breach of the law. Any other conclusion would allow a defendant to commit indiscriminate criminal acts between the grant of probation and the commencement of the probationary term without consequence.

As his sole issue, the Appellant argues on appeal that the trial court erred in revoking his sentences and ordering that they be served in confinement. This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the evidence need only show that the trial judge has exercised conscientious and intelligent judgment in making the decision rather than acting arbitrarily. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised conscientious judgment. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of his probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. Tenn. Code Ann. § 40-35-311(e).

The Appellant asserts that he will be sufficiently rehabilitated after completing the thirteen-year sentence for which he is currently incarcerated and that he will "make a meaningful contribution to society upon his release" from that sentence. The primary goal of non-institutional punishment is to provide a period of grace in order to assist the rehabilitation of a penitent offender. *Burns v. United States*, 287 U.S. 216, 220, 53 S. Ct. 154, 155 (1932). We find nothing in the record which suggests that the Appellant is repentant and fully prepared to reenter society. Considering the Appellant's past failed attempts to successfully complete non-incarcerative programs and his continuing disregard of the law, we conclude that the trial court clearly acted within its statutory discretion in ordering the Appellant to serve his sentences in confinement.

**CONCLUSION**

Based upon the foregoing, we affirm the judgment of the Sullivan County Criminal Court.

_____
DAVID G. HAYES, JUDGE