159 U.S. 74
 15 S.Ct. 985
 40 L.Ed. 80
 GRAY
v.
STATE OF CONNECTICUT.
 No. 258.
 June 3, 1895.
 
 The plaintiff in error was charged before a justice of the peace for the county of New London, in the town of Groton, state of Connecticut, of Keeping a place in that town, on the 1st day of January, 1890, and on divers days subsequently, previous to the time of making the complaint, where it was reputed that intoxicating and spirituous liquors were kept for sale; and also of selling on the 1st day of January, 1890, and at divers days between that date and the time of making the complaint, in that town and county, without having a license therefor, to persons to the prosecuting agent unknown, spirituous and intoxicating liquors, on the premises, in quantities less than one gallon to be delivered at one time; and also of keeping on the 1st day of January, 1890, and at divers days between that date and the time of making the complaint, at that town and county, without having a license therefor, spirituous and intoxicating liquors, with intent to sell the same,—all of which acts are alleged to have been done against the peace of the state, to be of evil example, and contrary to the statute in such case made ad provided.
 The plaintiff in error, who was thus charged, was arrested and, on his plea of not guilty, was tried and found guilty before the justice of the peace, and was ordered to pay a fine of $80 and costs, and to stand committed until the judgment was paid.
 The accused moved for an appeal from the judgment to the next session of the criminal court of common pleas for New London county, which was granted, to be held on the second Tuesday of September, 1890, at Norwich, the accused then and there to answer the complaint, at which time he appeared, and, a nolle prosequi being entered upon the first count, for his plea to the other counts he said 'Not guilty.' After a full hearing of the cause on a new trial in the criminal court of common pleas, the accused was found guilty, and sentenced to pay a fine of $50 and the costs of the prosecution, and to stand committed until the judgment was complied with.
 Upon the trial in that court, the counsel of the appellant contended that the court should charge the jury:
 (1) That if they found 'that the defendant did not sell, nor keep with intent to sell, spirituous and intoxicating liquors as such, but kept such liquors to be used in compounding medicines, and in dispensing the prescriptions of physicians, it was their duty to acquit him.'
 (2) 'That the defendant, as a licensed pharmacist, had the right to use in the compounding of his medicines and tinctures all ingredients necessary to their proper preparation, whether such ingredients or any of them were spirituous or intoxicating, or otherwise.'
 (3) 'That, the state having licensed the accused to pursue his business and occupation as a pharmacist, the board of commissioners for New London county could not by any action of theirs deprive him of the right to pursue his said business in all its branches.'
 (4) That section 3087 of the General Statutes of Connecticut, which declares 'that any person who, without having a license therefor, shall sell or exchange, or shall offer or expose for sale or exchange, or shall own or keep with intent to sell or exchange, any spirituous and intoxicating liquors, shall be fined,' and section 3067 of such General Statutes, which provides 'that a license to a druggist shall not be granted unless upon application made in the manner prescribed, and that the granting of such license shall be discretionary with the county commissioners,' were contrary to the provisions of the fourteenth amendment of the constitution of the United States, because they abridged his privileges and immunities as a citizen of the United States, and deprived him of his property without due course of law.
 But the court refused so to charge the jury, and, on the judgment rendered upon the verdict, the case was taken to the supreme court of errors of Connecticut, in which court it was insisted that the court below had erred in instructing the jury that the only question for them to determine was whether the prisoner had complied with the regulations of the law, and in conducting his business had used liquors in compounding prescriptions, without having a license therefor from the board of pharmacy and the county commissioners; and that the court erred in directing the jury that if it was necessary that a man should use liquor in compounding medicines in the state, and could not practice the business of druggist without it, then the law made it a prerequisite to obtain not only a license from the board of pharmacy, but also from the county commissioner; and that the court had erred in not charging that sections 3087 and 3067 were contrary to the provisions of the constitution of the state and the fourteenth amendment of the constitution of the United States. The court affirmed the judgment (22 Atl. 675), from which the case was brought to this court on writ of error, the plaintiff in error assigning the same errors which were assigned in the supreme court of errors in Connecticut.
 H. C. Robinson, for plaintiff in error.
 Solomon Lucas, for defendant i error.
 Mr. Justice FIELD, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 A license to pursue any business or occupation, from the governing authority of any municipality or state, can only be invoked for the protection of one in the pursuit of such business or occupation so long as the same continues unaffected by existing or new conditions. The degree of care and scrutiny which should attend the pursuit of the business or occupation practiced will necessarily depend upon the safety and freedom from injurious or dangerous conditions attending the prosecution of the same.
 
 
 2
 In the preparation of medicinal compounds, intoxicating liquors and even still more dangerous ingredients are often properly used; but the protecting care of the government, mumcipal or state, in their use, should never be relaxed beyond the bounds of absolute safety. The responsibility of the legal authority, municipal or state, cannot be stipulated or bartered away. Whatever provisions were prescribed by the law previous to 1890 in the use of spirituous liquors in the medicinal preparations of pharmacists, they did not prevent the subsequent exaction of further conditions which the lawful authority might deem necessary or useful.
 
 
 3
 For reasons which were deemed sufficient after 1890, by the authorities of Connecticut, the use of spirituous liquors in the preparation of pharmacists' compounds required still further provisions than those previously existing, and it was provided that such liquors could not be subsequently used in their preparation without the pharmacist first procuring a druggist's license from the county commissioners.
 
 
 4
 The imposition by the court of a fine upon the accused for a disregard of this requirement trespassed in no way upon any of his rights under the constitution of the state or the fourteenth amendment of the federal constitution.
 
 
 5
 Judgment affirmed.