STATE OF INDIANA *v.* SWAFFORD.

[No. 168S8. Filed June 18, 1968.]

*John J. Dillon,* Attorney General, and *John F. Davis,* Deputy Attorney General, for appellant.

*Donald R. Metz,* and *Plummer, Tiede, Magley and Metz,* of Wabash, for appellee.

LEWIS, C. J.—The State of Indiana appeals from an order sustaining appellee's motion to quash an amended affidavit charging perjury. The amended affidavit, omitting the formal parts thereof, reads as follows:

"Lynn Ford, being duly sworn upon his oath, deposes and says that on or about the 14th day of July, 1967, at the County of Wabash, and State of Indiana, before Lynn Ford, duly appointed Special Judge, Wabash City Court, Wabash, Indiana, a certain issue which was then and there joined between the State of Indiana, plaintiff, and one Donald D. Beeks, defendant, Cause No. 67-317, Wabash City Court, Wabash, Indiana, before the said Lynn Ford, as duly appointed Special Judge, in a certain criminal action in which the said defendant, Donald D. Beeks, was charged with the offense of driving a motor vehicle while his license was suspended, came on to be tried, which said action had before that time been commenced, and then and there pending before said Lynn Ford, as Special Judge, and which issue was then and there tried in due form of law; that, upon the trial of said cause, Ernie Swafford appeared as a witness for and in behalf of the said Donald D. Beeks, and was then and there duly sworn by the said Lynn Ford, as such Special Judge, as witness, and examined in said cause, the said Lynn Ford, as such Special Judge, then and there having full power and complete authority to administer the said oath to the said Ernie Swafford in that behalf; that upon the trial of the said cause, it became and was material to the said issue to inquire whether the said Donald D. Beeks was driving a motor vehicle, to-wit: an automobile on or about the 14th day of June, 1967, as alleged in the affidavit filed against the said Donald D. Beeks, by the State of Indiana, and that thereupon the said Ernie Swafford then and there being so sworn as a witness as aforesaid, and having then and there taken a lawful oath in the said judicial proceeding where an oath or affirmation was by law required, did then and there, on the trial of the said cause before the said Lynn Ford, Special Judge, as aforesaid, feloniously, wilfully, corruptly and falsely, in a matter material to said issue, depose, swear and testify in substance, among other things that he the said Ernie Swafford observed Bill Gustin behind the drivers wheel and sitting in the drivers seat of the automobile owned by the defendant, Donald D. Beeks, in the parking lot of the Celotex Plant on or about the 14th day of June, 1967, this being the same time and night the defendant Donald D. Beeks, was stopped by the Lagro Marshal for driving while suspended and whereas in truth and fact as the said Ernie Swafford then well knew he did not on said night and time at the parking lot of the Celotex Plant observe Bill Gustin behind the drivers wheel and in the drivers seat of the automobile belonging to the

defendant Donald D. Beeks, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The motion to quash, omitting the formal parts thereof, reads as follows:

"Comes now the Defendant, by counsel, and moves the court to quash the amended affidavit herein on the following grounds:

1. No Grand Jury has found an indictment and returned a true bill against the Defendant and Defendant may not, therefore, be prosecuted by affidavit.

2. The facts stated in the amended affidavit do not constitute a public offense.

3. The amended affidavit does not state the offense charged with sufficient certainty.

WHEREFORE Defendant prays that this motion be sustained and for all other relief proper in the premises."

The Court's order sustaining the motion to quash is as follows:

"The Court having had the defendants Motion to Quash under advisement, and now being advised in the premises, now finds that the crime as charged in this cause of perjury is an infamous crime within the meaning of the Fifth Amendment of the Constitution of the United States and is an infamous crime as decided by the Indiana Supreme Court. Burns' Indiana Statutes, 9-908 provides that all crimes may be prosecuted by affidavit except for treason and murder which must be prosecuted by indictment. The Indiana Constitution is silent in this regard. The Court now accordingly finds that the Motion to Quash as filed by the defendant in this particular regard should be sustained. The other grounds as alleged by the defendant to quash now being moot, the court declines to rule thereon. This court does not find in this charge that all felonies must be prosecuted by indictment but does find that a crime of crimen falsi is an infamous crime and must be prosecuted by indictment and not by affidavit as determined in 1923 by the Indiana Supreme Court in Crampton vs. O'Mara, 193 Indiana 551; 139 N. E. 360, page 362.

Motion to Quash is sustained. The Clerk is ordered to notify the Prosecuting Attorney and the Defendant's attorney of this ruling."

Appellant argues that the affidavit as filed is supported by specific statutory authority, that the statute was a constitutionally permissible exercise of legislative authority under the State Constitution, and that the "due process" clause of the Fourteenth Amendment of the Constitution of the United States does not compel an indictment procedure in criminal matters, with due process being afforded under the Indiana affidavit procedure.

Appellee has filed with this Court a motion to dismiss or affirm, alleging a waiver by the State of its right to appeal the order because of its failure to formally resist the motion or to object to the order in any timely or appropriate manner. The appellee, however, has failed to cite to this Court in his brief any legal support for a "waiver" of appeal on an order to quash an affidavit. Nor has this Court discovered any precedent sustaining appellee's position. More directly in point is the statutory provision for this direct appeal, which provision was not cited in the briefs. It reads as follows:

"Appeals to the Supreme Court may be taken by the state in the following cases: First. From a judgment for the defendant, on quashing or setting aside an indictment or affidavit, or sustaining a plea in abatement. . . ." (Acts 1905, ch. 169, § 325, p. 584, as amended by Acts 1955, ch. 315, § 1, p. 968, Burns' Ind. Stat., Anno., (1956 Repl.), § 9-2304.)

The statute sets forth no condition precedent, nor does any Rule of this Court or case law, to the bringing of this appeal. Therefore, while in good practice a brief on the motion to quash should have been filed and objection to the order made, the failure on the part of the State to do so was not fatal to the right of appeal.

The question then is whether the order sustaining the motion to quash should be affirmed on the basis that perjury

must be charged by indictment and not affidavit. As the Trial Court recognized in its order, there is statutory authority for the use of an affidavit to charge the crime of perjury. Burns' Indiana Statutes, Anno., (1956 Repl.), § 9-908, reads as follows:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in *all* cases. . . ." (Acts 1905, ch. 169, § 118, p. 584; 1927, ch. 132, § 4, p. 411; 1967, ch. 278, § 1, p. 886.) (emphasis supplied)

Burns' Indiana Statutes, Anno., (1956 Repl.), § 9-1116, confirms this legislative authorization as to the specific crime of perjury:

". . . And in an indictment *or* affidavit for perjury . . ." (Acts 1905, ch. 169, § 184, p. 584). (emphasis supplied)

Both of these statutes are legislatively permissible under the Indiana Constitution. Art. 7, § 17 provides:

"The General Assembly may modify or abolish the Grand Jury System."

In accord with Article 7, § 17, this Court has held the right to a grand jury indictment to be legislative and not constitutional. *Lee* v. *State* (1922), 192 Ind. 13, 134 N. E. 866; *Sisk* v. *State* (1953), 232 Ind. 214, 110 N. E. 2d 627.

We must conclude then, that the affidavit brought here was permissible and not subject to an order quashing it because of a lack of state legal authorization.

The Trial Court, however, apparently thought state authorization was superceded by the Fifth Amendment to the United States Constitution which reads as follows:

*"No person shall be held to answer to a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,* except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be

subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." (emphasis supplied)

The Trial Court's ruling was erroneous. First, the Trial Court was correct in its conclusion that perjury is an "infamous crime" within the meaning of the Fifth Amendment. Any offense punishable for a term of years in the penitentiary qualifies. *Mackin* v. *U. S.* (1886), 117 U. S. 348; *Crampton* v. *O'Mara* (1923), 193 Ind. 551, 139 N. E. 360. Perjury is so punishable. Burns' Indiana Statutes, Anno., (1956 Repl.), § 10-3801.

However, the Fifth Amendment is not directly applicable to the States. *Barron* v. *Baltimore* (1833), 7 Pet. 242, 8 L. Ed. 672. Portions of the Bill of Rights and the Fifth Amendment have been "incorporated" into the due process clause of the 14th Amendment, which is directly applicable. However, the Fifth Amendment's Grand Jury Indictment privilege has been ruled in a wide and numerous number of cases not to be applicable to the States through the 14th Amendment. *Beck* v. *Washington* (1962), 369 U. S. 541, 545, 82 S. Ct. 955, 8 L. Ed. 2d 98, states:

"Ever since *Hurtado* v. *California*, 110 U. S. 516 (1884), this Court has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions. The State of Washington abandoned its mandatory grand jury practice some 50 years ago. Since that time prosecutions have been instituted on informations filed by the prosecutor, on many occasions without even a prior judicial determination of 'probable cause'—a procedure which has likewise had approval here in such cases as *Ocampo* v. *United States*, 234 U. S. 91 (1914), and *Lem Woon* v. *Oregon*, 229 U. S. 586 (1913)." Also see: *Davis* v. *Burke* (1900), 179 U. S. 399, 21 S. Ct. 210; *Dowdell* v. *U. S.* (1911), 221 U. S. 325, 31 S. Ct. 590; *Smith* v. *U. S.* (1959), 360 U. S. 1, 79 S. Ct. 991.

The ruling of the Trial Court sustaining the motion to quash the amended affidavit (set out *supra*) is in error. This cause is reversed and remanded to the Wabash Circuit Court with instructions to reinstate the affidavit for further and appropriate proceedings.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 580.