RAYMOND T. MCCAFFREY et al., Respondents, *v.* EDGAR W. COUPER et al., as Regents of the University of the State of New York, et al., Appellants.

First Department, October 1, 1970.

130

*Stephen P. Seligman* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for appellants.

*James J. Doyle* of counsel (*Peter Griffin* with him on the brief; *William T. Griffin,* attorney), for respondents.

*Per Curiam.* The defendants, Board of Regents of the University of the State of New York, and others, appearing by the Attorney-General, appeal from a judgment declaring that article 149 of the Education Law, in its application to plaintiffs, violates the Constitutions of the United States and the State of New York and declaring that they are entitled to continue their practice of public accountancy under the trade name of "Fiduciary Associates".

The judgment may not stand. It is settled beyond question that the State, under its police power, may regulate the practice of accountancy. (*Berkowitz* v. *Wilson,* 118 N. Y. S. 2d 291, affd. 283 App. Div. 875, affd. 307 N. Y. 851; *People* v. *Marlowe,* 203 N. Y. S. 474.) The State, within the power of reasonable regulation, possessed the power to prohibit individuals and partnerships from registering and practicing as public account-

ants under assumed or trade names. Such prohibition, in its preclusion of the use of assumed names as a means of advertisement or promotion, has a valid purpose in insuring the maintenance of high ethical standards in the profession.

Furthermore, there is no merit in plaintiffs' contentions that they have been unlawfully deprived of vested rights in the prohibition against the use of the trade name previously utilized for their practice prior to the enactment of licensing requirements, nor in their contention that the statute violates their equal protection rights. "The imposition of a new requirement for the continued practice of a profession previously carried on without the need of such requirements does not violate the Constitution (*Gray* v. *Connecticut,* 159 U. S. 74)." (*Wasmuth* v. *Allen,* 14 N Y 2d 391, 398.)

In its provisions permitting the licensing of certain corporations under the corporate name (i.e., a " grandfather's " clause permitting public accounting corporations, if chartered and active prior to July 1, 1959, to continue as such [Education Law, § 7408, subd. 2]), and the licensing of partnerships under the names of former copartners (Education Law, § 7407, subd. 4), the statute does not unlawfully discriminate against the plaintiffs. "A classification having some reasonable basis does not offend against that [equal protection] clause merely because it is not made with mathematical nicety or because in practice it results in some inequality " (*Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 78). The legislative classification here rests on a reasonable basis and that is all that is required. "It is enough to sustain the legislative power if the rationality of the classifications is demonstrable " (*8200 Realty Corp.* v. *Lindsay,* 27 N Y 2d 124, 137, and cases cited).

The judgment herein should be reversed, on the law, without costs and disbursements, defendants' motion for summary judgment should be granted without costs, plaintiffs' cross motion should be denied without costs, and judgment directed for defendants without costs, declaring that article 149 of the Education Law, as amended, is constitutional in its application to plaintiffs and that the plaintiffs have no right, constitutional or otherwise, to be licensed as or to continue the practice as public accountants under the partnership or assumed trade name of "Fiduciary Associates".

Eager, J. P., Nunez, Steuer and Tilzer, JJ., concur.

Judgment unanimously reversed, on the law, without costs and without disbursements, defendants' motion for summary judgment granted, plaintiffs' cross motion denied, and the Clerk

is directed to enter judgment for defendants without costs and without disbursements, declaring that article 149 of the Education Law, as amended, is constitutional in its application to plaintiffs and that the plaintiffs have no right, constitutional or otherwise, to be licensed as or to continue the practice as public accountants under the partnership or assumed trade name of "Fiduciary Associates".