A. Franklin Mahoney, J.
Effective July 1, 1963, article 132 of the Education Law provided for the qualification, examination and licensing of those presently engaged or about to engage in the practice of chiropractic in this State. Prior to July 1, 1963 there was no regulation of this healing act. The petitioner had engaged in chiropractic practice since 1952, some 11 years before the regulating legislation.
As to those already practicing, section 6556 of the Education Law, in pertinent part, provided as follows:
‘ ‘ 1. The department shall issue a license to an applicant who files his application * * * prior to July first, nineteen hundred sixty-five, and who * * *
“ c. is a graduate of a resident course in chiropractic, consisting of not less than two school years of formal study: * * *
‘ ‘ f. has engaged for the period of at least the fifteen years immediately prior to July first, nineteen hundred and sixty-three, in the practice of chiropractic in this state; and
1 ‘ g. passes an examination prepared by the board in the practice of chiropractic and an examination in the use and effects of X-ray ”.
Section 6556 (subd. 2, par. a, and subd. 3, par. a), provided the applicant had completed the course of study required by paragraph c of subdivision 1 above, mandates, after successful testing, the issuance of a license to practice chiropractic if the applicant has either engaged in the practice of the art for the period of at least the 7 years, and not more than 15 years, immediately prior to July 1,1963 or for the period of at least the 2 years, and not more than the 7 years, immediately prior to July 1, 1963. The rationale of the varying requirements is that greater experience in practice in terms of consecutive years would require less testing for the issuance of a license.
At issue is the placement of petitioner in the appropriate classification, it being his contention that his eligible practice began in 1952. The State, however, dates his eligibility from 1957 when he received his degree from the Chiropractic Institute of New York. If petitioner is correct he would be entitled to be placed in the 7 to 15 year bracket (Education Law, § 6556, subd. 2, par. a). If the State were to prevail, petitioner would be classi *7 fied in the 2 to 7 year grouping (Education Law, § 6556, subd. 3, par. a). The resolution of this issue requires a construction of the intent of section 6556 of the Education Law.
The petitioner argues that the requirement of a degree or diploma from a chiropractic school is not related to the time an applicant may have engaged in unregulated practice prior to the enactment of section 6556. He argues that the Legislature intended only that an applicant have prescribed periods of actual practice and be a graduate of a school of chiropractic. It did not intend that the practice must follow the graduation. This is, understandably, a gratuitous construction of the statute and would assign to petitioner a status requiring less severe testing. However, such a construction does more. It confers on petitioner, and others similarly situated, vested rights in a profession superior to the right of the State to regulate. This cannot be the law. The sovereign’s right to regulate must always prevail against an individual right constitutionally diminished. “ The imposition of a new requirement for the continued practice of a profession previously carried on without the need of such requirements does not violate the Constitution” (Gray v. Connecticut, 159 U. S. 74; Wasmuth v. Allen, 14 N Y 2d 391, 398).
The Wasmuth v. Allen case was a-direct attack on the constitutionality of article 132 of the Education Law and, indirectly, an attack on the ‘1 grandfather ’ ’ provisions of section 6556, which is the issue that concerns us herein. Judge Dye, writing for a unanimous court, upheld the constitutionality of article 132, and at page 398 of the decision stated: ‘ ‘ Grandfather clauses are common incidents of licensing, a recognition of practical experience in the practice of chiropractic for a period of time — a perfectly reasonable basis to exempt from the necessity of taking examinations. * * * Nothing turns on the circumstance that the Legislature excused under the grandfather clause some and not others from passing the basic subject test. Neither can it reasonably be said that requiring an applicant for license to practice chiropractic to pass tests in basic subjects constitutes an arbitrary and unreasonable exercise of legislative power.”
Applying that reasoning to the issue herein leads inexorably to the conclusion that the Legislature did intend the qualifying years of practice to follow graduation from a recognized school and such requirement is not constitutionally defective, arbitrary or unreasonable.
Petitioner is not qualified to be retested as a candidate of 7 to 15 years ’ experience under subdivision 2 of section 6556 of the Education Law. The decision of the Education Department, *8 dated May 25, 1964, determining that petitioner was entitled to credit for 2 to 7 years’ experience was correct.
This finding makes unnecessary a discussion of whether petitioner’s proceeding is a certiorari article 78 proceeding and therefore, time-barred, or a mandamus proceeding to set aside a continuous wrong. Either course would lead to the same result.
The petition is dismissed.