**Tony W. HARRINGTON, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

**No. 1282S502.**

Supreme Court of Indiana.

Feb. 9, 1984.

DeBruler, J., concurred in result.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Tony Harrington, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted of burglary, a Class C felony, of theft, a Class D felony, and of being a habitual criminal. Thereafter, petitioner was sentenced to a term of imprisonment of thirty-eight years. We affirmed his convictions in *Harrington v. State*, (1981) Ind., 421 N.E.2d 1113. He raises the following two issues in this petition:

1. Whether he was denied his constitutional right to the effective assistance of counsel at trial; and

2. Whether there was sufficient evidence to support the convictions.

 We first note that it is recognized that petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1, § 5; *Garringer v. State*, (1983) Ind., 455 N.E.2d 335. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Davis v. State*, (1983) Ind., 446 N.E.2d 1317; *Henson v. State*, (1979) 271 Ind. 325, 392 N.E.2d 478.

## I.

Petitioner asserts the trial court erred when it concluded he was not denied effective assistance of counsel. He alleges that his counsel's action and inaction, in the following particulars, rendered his representation inadequate: (1) failure to object to questions in a timely fashion; (2) failure to request the court to admonish the jury to disregard answers where objections were sustained; (3) failure to make objections on proper grounds; (4) failure to properly review his successful Motion to Suppress during trial; (5) failure to cross-examine witnesses; (6) failure to use an intoxication defense; (7) introducing evidence of petitioner's history of drug abuse; and (8) that counsel prepared and presented "inadequate" motions and briefs for appellate review.

 Petitioner concedes that his contention is governed by the standard of whether his representation constituted a "mockery of justice," as modified by the requirement of "adequate legal representation." *Adams v. State*, (1982) Ind., 430 N.E.2d 771 (Hunter, J., dissenting); *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984. The standard is implemented with the corollary presumption that counsel is competent; strong and convincing evidence must be presented in order to overcome the presumption. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398; *Rinard v. State*, (1979) 271 Ind. 588, 394 N.E.2d 160.

### 1. & 2.

 Petitioner first charges that his trial counsel failed to make timely objections and thereby exposed the jury to prejudicial information. Petitioner refers us to three instances in the record where his counsel failed to object to improper questions before they were answered. He cites *Tinnin v. State*, (1981) Ind., 416 N.E.2d 116, for the proposition that the proper time to object is after a question is asked but before an answer is given. While we agree that the proper time to object is before the witness answers, it appears from the record here that counsel may well have objected as soon as possible after the questions. In each instance cited by petitioner the witness was only able to say a couple of words before counsel stood and entered his objection. In any event, each objection entered was sustained and thus petitioner

cannot now complain that any errors were waived by counsel's untimely objections.

■ Petitioner also complains that his counsel failed to request the court to admonish the jury to disregard two witnesses' answers to improper questions. Although each of counsel's objections was sustained and a request for an admonishment would be the appropriate move, petitioner fails to show how he was harmed by these alleged inadequacies.

### 3.

■ Petitioner also asserts that on one occasion during trial his counsel failed to object on proper grounds. He refers us to when the state sought to introduce two photographs depicting the building where the burglary and theft occurred. A witness who was at the building that night testified that the photographs were an accurate representation of the building on the night in question. Petitioner's counsel objected to the photographic evidence and argued that it was irrelevant. The trial court properly overruled counsel's objection and admitted the photographs into evidence. Petitioner now asserts that his counsel should have asked a preliminary question and that by not doing so he allowed the photographs to be erroneously admitted. This claim is without merit. Significantly, petitioner fails to suggest here any type of preliminary question which should have been asked and how it would have led to a proper objection. Moreover, we fail to see, and petitioner has failed to explain, how the photographic evidence was harmful to his case since it was merely demonstrative and in no way connected petitioner with the crime.

### 4.

■ Prior to trial petitioner's counsel filed a Motion to Suppress "any and all evidence obtained as a result of the arrest of Tony Harrington [because] the state has failed to maintain a proper chain of custody." The trial judge withheld ruling on the motion at that time. He then invited counsel to renew his motion after the swearing in of the jury. However, counsel neither renewed his motion nor asked for a hearing and the record shows that the various items of physical evidence were to be ruled upon as the trial progressed. Petitioner now maintains that his counsel was ineffective because he failed to object to the questionable evidence at trial and thereby waived the issue on appeal. However, petitioner in his brief neither indicates what evidence was objectionable nor where in the record his counsel had an opportunity to object and failed to do so. Moreover, our review of the record reveals that none of the various items allegedly found on petitioner at the time of his arrest was ever admitted into evidence. Thus, there was no need for petitioner's counsel to object and preserve the issue for appeal. Admittedly, the trial judge allowed witnesses to testify about some car titles found on petitioner at the time of his arrest. But even if we assume the trial judge erred here, the record shows that counsel objected to the testimony and thus preserved any error for possible appeal. We find no evidence here of inadequate assistance of counsel.

### 5.

■ Petitioner further charges that his counsel was ineffective in that he failed to cross-examine a witness. Specifically, he alleges that his counsel failed to cross-examine the police officer who "booked" him. But petitioner fails to articulate any reason whatsoever for cross-examining this witness. Petitioner's allegation here involves matters of trial strategy and it is clear that choices of trial strategy and tactics are insufficient to establish ineffective representation. *Duncan v. State,* (1980) 272 Ind. 614, 400 N.E.2d 1112.

### 6. & 7.

■ Prior to trial petitioner's counsel filed a plea of not guilty by reason of insanity. Two court-appointed psychiatrists later examined petitioner and agreed that petitioner was not suffering from any mental disease or defect. Petitioner now argues that since his counsel was aware of

this report he should have dropped the insanity defense and invoked an intoxication defense to negate the element of specific intent. Petitioner also questions his counsel's decision to put him on the witness stand and elicit testimony about his history of drug abuse. It apparently was counsel's strategy here to show that petitioner's prolonged and extensive drug abuse had so altered his mind that he should be considered legally insane. As in the preceding section, both of these allegations involve matters of trial strategy and are not proper elements of incompetency of counsel. *Lenoir v. State,* (1977) 267 Ind. 212, 368 N.E.2d 1356.

### 8.

 Petitioner also contends that his counsel prepared and presented "inadequate" motions and briefs for appellate review. We disagree. Petitioner fails to show any other issue that could have been appealed. In essence, his position is that his counsel should have better argued the issues he chose to appeal. However, petitioner here neither cites any authority that his counsel overlooked nor presents any persuasive argument to support the issues on appeal.

We note that defendant was the only person to testify at the evidentiary hearing on his petition and presented little more than opinion testimony as to what he believed his attorney did wrong at trial and on appeal. His argument constitutes mere speculation as to what might have been a more advantageous trial strategy. The record here supports the trial court's finding that petitioner failed to establish, by a preponderance of the evidence, that he was denied the effective assistance of counsel.

### II.

Petitioner also argues that had his counsel been effective there would have been insufficient evidence to convict him for either burglary or theft. However, as explained in the preceding section, petitioner has failed to demonstrate ineffective assistance of counsel and thus we will not question the sufficiency of the evidence here. The sufficiency of the evidence to sustain the original verdict should be raised upon direct appeal and is not ordinarily subject to review in post-conviction proceedings. *Brown v. State,* (1974) 261 Ind. 619, 308 N.E.2d 699.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.