Charles J. MUSIC, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 784S285.

Supreme Court of Indiana.

March 12, 1986.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner Charles J. Music appeals from a denial of relief in the trial court for post-conviction relief pursuant to P.C.R. 1.

Petitioner was originally charged with the crime of murder in the Wabash Circuit Court and was found guilty by a jury of the included offense of voluntary manslaughter. Subsequently, he was sentenced by the trial court to a term of twenty (20) years. His conviction was affirmed by this Court in *Music v. State* (1981), Ind., 427 N.E.2d 1071. He sought relief pursuant to P.C.R. 1 in the trial court, which relief was denied. He now appeals that denial.

We first note that Petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction proceeding. *Harrington v. State* (1984), Ind., 459 N.E.2d 369, 371; *Garringer v. State* (1983), Ind., 455 N.E.2d 335, 336; Ind. R.P.C. 1 § 5. In our review of the denial of the petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Harrington*, Ind., 459 N.E.2d at 371; *Davis v. State* (1983), Ind., 446 N.E.2d 1317, 1320; *Henson v. State* (1979), 271 Ind. 325, 328, 392 N.E.2d 478, 480.

We further note that the function of our post-conviction review pursuant to Ind. R.P.C. 1 is a special remedy whereby a party can present error which for various reasons was not available or known at the time of the trial or on direct appeal. *Phillips v. State* (1982), Ind., 441 N.E.2d 201, 203. Post-conviction action is not a substitute for direct appeal and any issue which was or could have been addressed at trial or on direct appeal is not the proper subject of a post-conviction action. *See Morris v. State* (1984), Ind., 466 N.E.2d 13, 14.

The present case is another in a long line of cases where the petitioner attempts, on appeal from a denial for post-conviction relief, to raise issues which do not conform with Ind. R.P.C. 1, *Phillips*, or *Morris*. Pursuant to the Court of Appeals' holding in *Dixon v. State* (1972), 152 Ind. App. 430, 284 N.E.2d 102, the public defender's office has felt compelled to fully litigate these issues. To this extent we overrule *Dixon* and hold that the Public Defender is not obligated to raise on appeal every issue the petitioner requests be raised. In *Jones v. Barnes* (1983), 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987, 993, the United States Supreme Court held that an indigent defendant does not have a constitutional right to compel appointed counsel to press *nonfrivolous* points if counsel, as a matter of professional judgment, decides not to present these points. *See also Smith v. State* (1985), Ind., 475 N.E.2d 1139, 1144, *reh. denied* (1985). Consistent with *Jones,* we now hold that where an issue is clearly not the proper subject for post-conviction relief or

is deemed frivolous, the public defender's office need not raise it on appeal.

■ Petitioner first claims he was charged with murder by way of information filed by the prosecutor rather than by indictment of a grand jury. He claims this was unconstitutional pursuant to the Fifth Amendment of the United States Constitution. This was an issue that was known and available to Petitioner at trial and in his original appeal, and he therefore has waived it at this time. However, we note that the trial court acted properly pursuant to Ind.Code § 35–3.1–1–1(a). Further, the United States Supreme Court has held there is no federal constitutional impediment to dispensing entirely with the Grand Jury in state prosecutions. *Beck v. Washington* (1962), 369 U.S. 541, 545, 82 S.Ct. 955, 957, 8 L.Ed.2d 98, 104; *Hurtado v. California* (1884) 110 U.S. 516, 538, 4 S.Ct. 111, 122, 28 L.Ed. 232, 239; *State v. Swafford* (1968), 250 Ind. 541, 546, 237 N.E.2d 580, 583–584.

■ Petitioner next claims fundamental error was committed by detaining him in jail for approximately seventy (70) hours before bringing him before a magistrate. The State properly points out that the petitioner again has waived this issue since it does not appear he raised it in the trial court and did not raise the question on direct appeal to this Court. *Ross v. State* (1983), Ind., 456 N.E.2d 420, 421. The record shows further that Petitioner was arrested in the early morning hours of Saturday. Neither the prosecutor's office nor the trial court were open until the following Monday. The necessary pleadings were prepared and Petitioner was brought before a magistrate on Tuesday morning. Petitioner does not claim that the failure to bring him before a magistrate during that weekend resulted in his being subjected to duress from which incriminating evidence was obtained from him. He shows us no prejudice resulting from the detainment except to say that under the circumstances seventy hours was too long. In view of the circumstances here, no error is presented. *James v. State* (1972), 258 Ind. 392, 396–

397, 281 N.E.2d 469, 471–472; *Hashfield v. State* (1965), 247 Ind. 95, 108, 210 N.E.2d 429, 437–438, *cert. denied* (1986) 384 U.S. 921, 86 S.Ct. 1373, 16 L.Ed.2d 442.

■ Petitioner contends the trial court erred in refusing to release him on bond prior to trial. Since he subsequently was tried and found guilty, the issue is moot and not available as an appealable issue. *Carter v. State* (1983) Ind., 451 N.E.2d 639, 642; *Holguin v. State* (1971), 256 Ind. 371, 374, 269 N.E.2d 159, 160.

■ Petitioner next claims there was not sufficient evidence before the jury to justify its finding beyond a reasonable doubt that he committed the crime of manslaughter. It appears there was more than sufficient direct evidence before the jury to support its verdict, including an eyewitness. This issue was available to Petitioner but was not raised on his direct appeal so he has waived it at this point and we will not consider it further. *Dixon*, Ind., 470 N.E.2d at 729–730; *Ross*, Ind., 456 N.E.2d at 421.

■ Petitioner's next contention is that following his conviction and sentencing the court permitted him to be released on his own recognizance pending his appeal. After his conviction was affirmed by this Court, the trial court ordered him back into court and committed him to the Department of Corrections to serve his sentence of twenty (20) years for manslaughter. Petitioner now contends that the trial court committed error by allowing him to remain at liberty during the pendency of his appeal which requires vacation of his conviction and sentence. If there is a legal issue presented to us here we fail to discern it. Petitioner concedes he finds no authority to support his position, nor do we.

■ Petitioner next claims fundamental error occurred when he was rearrested on the original charge of murder after his conviction was affirmed by this Court on his original appeal. He apparently claims he should have been arrested for voluntary manslaughter rather than murder. We can

only presume what problem is being presented to us here since it is not clearly set out in the record or in the briefs. Petitioner, of course, was not arrested for murder or manslaughter at this point since he already had been convicted of manslaughter and sentenced by the trial court. After his conviction was affirmed by this Court, it was the duty of the trial court to cause Petitioner to be presented in open court so that he might be committed to the Department of Corrections in execution of his sentence. This was done and Petitioner was, in fact, brought before the court, and committed to the Department of Corrections for a term of twenty years pursuant to his conviction for voluntary manslaughter. The only thing we are able to discern from the briefs and the record is that when a warrant was issued to take Petitioner into custody and bring him before the court for his commitment, the face of the warrant indicated he was being arrested and brought before the court for the original charge of murder. If this is so, clearly it was a misnomer on the process. No prejudice is shown to Petitioner if that did, in fact, happen, however, since he was properly committed by the court when he was presented there. Furthermore, any defect in the process that brought him into court should have been raised at that time by a Motion to Quash and is moot at this point. Therefore, no error is presented.

Finally, Petitioner claims this cause should be remanded for resentencing since the trial court did not consider all matters listed in Ind.Code § 35–38–1–7(a) [formerly I.C. § 35–4.1–4–7(a)]. Again, this is an issue well apparent and available to petitioner at the time of his original appeal and is not available for consideration here. *Id.* We note, however, that the record shows that the trial judge did fully consider all aggravating and mitigating circumstances pursuant to the above statute and adequately articulated his reasons for the sentence imposed.

Finding no error, we affirm the trial court.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.