Junior G. RHOTON, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 48A02–8910–PC–534.[1]

Court of Appeals of Indiana,
Fifth District.

July 24, 1991.

Susan K. Carpenter, Public Defender, Julia J. Casey, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

RUCKER, Judge.

Appellant-petitioner Junior Rhoton (Rhoton) appeals the denial of his petition for post-conviction relief and raises three issues for our review which we rephrase as follows:

1. Whether charging Rhoton by Information rather than by grand jury indictment violated the federal and state constitutions by depriving Rhoton of the protections afforded by an adversarial hearing to determine probable cause;

2. Whether Rhoton's right to speedy trial was violated;

3. Whether Rhoton received ineffective assistance of trial counsel.

We affirm.

On March 14, 1983, Rhoton was charged by way of Information with the offense of Battery, a Class C felony. Rhoton was arrested on May 29, 1983, and remained in jail until the date of his trial, January 3, 1985. A jury convicted Rhoton of Battery and the court sentenced him to a term of eight (8) years imprisonment. Rhoton's conviction was affirmed on appeal. *See Rhoton v. State*, [508 N.E.2d 585 (table)] (2nd District, 1987). Subsequently, Rhoton filed his petition for post-conviction relief. However, none of the issues presented by his petition were raised in his direct appeal. After hearing, the petition was denied.

Additional facts will be discussed below as necessary.

I.

The State contends that Rhoton has waived the issues which he now presents to this court because he failed to raise them in his direct appeal. We agree with the State that post-conviction proceedings are not a substitute for direct appeal and issues which could have been raised on direct appeal may not be raised in a post-conviction proceeding. *Combs v. State* (1989), Ind., 537 N.E.2d 1177. Generally, allegations of error available but not asserted on direct appeal are waived for purposes of post-conviction relief. *Owensby v. State* (1990), Ind.App., 549 N.E.2d 407, *trans. denied.* However, at no point during the post-conviction hearing did the State raise the defense of waiver. Rather, the State responded to the merits of Rhoton's argument which we must do as well. *Dodson v. State* (1987), Ind., 502 N.E.2d 1333; *Richardson v. State* (1982), Ind., 439 N.E.2d 610, *reh. denied.*

II.

Rhoton contends that he was entitled to be charged by grand jury indictment rather than by Information. Rhoton argues that by charging him by Information he was denied the constitutional protections afforded by an adversarial proceeding to determine probable cause. We disagree.

We first note that a determination of probable cause relates to the issuance of an arrest warrant and not to the procedure by which a defendant is charged with a criminal offense. *State ex rel. French v. Hendricks Superior Court, Hendricks County* (1969), 252 Ind. 213, 247 N.E.2d 519; *Scott v. State* (1980), Ind.App., 404 N.E.2d 1190. Moreover, even where a determination of probable cause is required as a condition for the pretrial restraint of a defendant's liberty, that determination need not be made by an adversarial hearing. As indicated by the United States Supreme Court "the Constitution does not require an adversary determination of probable cause." *Gerstein v. Pugh* (1975), 420 U.S. 103, 123, 95 S.Ct. 854, 868, 43 L.Ed.2d 54.

■ Rhoton argues that a probable cause determination is a critical stage in a criminal proceeding and therefore triggers the due process protections of Article One, Section Twelve of the Indiana Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Rhoton misconstrues the meaning of "critical stage." " 'Critical stages' are those parts of the proceedings, where (1) incrimination may occur or (2) where the opportunity for effective defense must be seized or be forgone." *Manley v. State* (1980), Ind.App., 410 N.E.2d 1338, 1342.

During a hearing to determine probable cause for the issuance of an arrest warrant there is no potential for an accused to suffer incrimination, nor is there a possibility that the defense of an accused may be compromised. In essence the pre-arrest stage of a criminal proceeding is not a "critical stage" triggering constitutional protections. *See Little v. State* (1985), Ind., 475 N.E.2d 677; *Bray v. State* (1982), Ind., 443 N.E.2d 310.

In any event, probable cause relates to the issuance of an arrest warrant. Here, Rhoton does not challenge his warrant for arrest, rather he challenges the charging document. Consequently Rhoton's argument concerning probable cause is misplaced.

■ In support of his argument that he was entitled to be charged by way of grand jury indictment rather than by Information, Rhoton relies upon the Fifth Amendment to the United States Constitution which provides in pertinent part:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury....

U.S.C.A. Const. Amend. 5.

Over a century ago the United States Supreme Court determined that the Fifth Amendment provision concerning indictment by grand jury applied to federal prosecutions but did not apply to State prosecutions by way of the Fourteenth Amendment. *Hurtado v. California* (1884), 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232. Further, in *Beck v. Washington* (1962), 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 the Supreme Court held:

Ever since *Hurtado v. California* [cit. omit.], this Court has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions.

*Id.*, 82 S.Ct. at 957.

Not only is there no federal constitutional impediment to dispensing with grand juries in State prosecutions, the Constitution of the State of Indiana also provides "[t]he General Assembly may modify or abolish the grand jury system." Const. Art. 7 § 17.

The grand jury system in this state certainly has not been abolished, however criminal prosecutions need not be initiated by a grand jury indictment. Ind.Code § 35-34-1-1 which provides that "any crime may be charged by indictment or information" has consistently withstood constitutional attack. *See Beverly v. State* (1989), Ind., 543 N.E.2d 1111; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, *reh. denied, cert. denied*, (1986), 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349; *State v. Swafford* (1968), 250 Ind. 541, 237 N.E.2d 580.

Neither the United States Constitution nor the Constitution and laws of the State of Indiana require that criminal prosecution be initiated by grand jury indictment. Rhoton is entitled to no relief on this issue.

### III.

Rhoton next contends he was denied his right to speedy trial because he was not brought to trial until 583 days after his arrest.

The record reveals Rhoton was charged and arrested on May 29, 1983. On October 11, 1983, Rhoton's cause was scheduled for trial for March 6, 1984, as a secondary setting. On March 6, 1984, on its own motion, the trial court rescheduled the trial until July 17, 1984, due to the "first choice" setting being tried that date. On July 2, 1984, the State moved to continue the July 17th trial date due to a congested calendar. The trial court did not rule on the motion

until August 2, 1984, at which time it granted the motion and scheduled the trial for December 4, 1984, as a "third choice" setting. On December 4, 1984, on its own motion, the trial court continued Rhoton's trial until an unspecified date due to the trial of the "first choice" setting. On December 26, 1984, trial was scheduled for January 3, 1985. Rhoton proceeded to trial on that date.

We agree with Rhoton that the Sixth Amendment to the Constitution of the United States guarantees to each accused person "the right to a speedy and public trial" and that Art. 1, § 12 of the Constitution of the State of Indiana demands that justice shall be administered "speedily, and without delay." However, the vehicle for implementing these basic rights is Ind.Crim. Rule 4.[2]  Rule 4(C) provides:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

Where, as here, a defendant is in jail pending trial, Rule 4(B)(1) provides:

If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

At no time between his date of arrest and date of trial did Rhoton request an early trial pursuant to Ind.Crim.Rule 4(B), nor did Rhoton object to the scheduling of his trial beyond the one year limit provided by Ind.Crim.Rule 4(C).

█ It is true that the State has an affirmative duty to try a defendant within one year, and the defendant is under no obligation to remind the State of its duty. *Biggs v. State* (1989), Ind.App., 546 N.E.2d 1271. However it is equally true that a defendant has a duty to alert the court when a trial date has been scheduled beyond the one year proscribed limit. *Huffman v. State* (1987), Ind., 502 N.E.2d 906, *reh. denied.* When the court sets a trial beyond the expiration date, it is the defendant's obligation to object at the earliest opportunity. *Hughes v. State* (1987), Ind. App., 508 N.E.2d 1289, *trans. denied.* If a

**2.** We note in his brief Rhoton makes only passing reference to Crim.Rule 4(A) which provides for a jailed defendant's release on his own recognizance if not brought to trial within six months. The record before us reveals that Rhoton was in jail not only for Battery, a Class C felony (the offense which gives rise to this appeal) but he was also being held on five separately filed Informations for Burglary as Class C felonies. Consequently, even a successful Rule 4(A) motion on the Battery charge would not necessarily have secured Rhoton's release.

defendant remains silent while the court schedules a trial beyond the allowable date, then his action estops him from enforcing any right of discharge. *Utterback v. State* (1974), 261 Ind. 685, 310 N.E.2d 552; *State ex rel. Engle v. Greene Circuit Court* (1981), Ind., 421 N.E.2d 1108.

 In the case before us, Rhoton remained silent while his trial was being scheduled beyond the proscribed time limit. He is therefore estopped from enforcing any right of discharge which he may have had. The post-conviction court did not err in denying Rhoton relief on this issue.

### IV.

Finally, Rhoton contends he was denied effective assistance of counsel because his trial attorney failed to secure Rhoton's right to a speedy trial. Rhoton argues that counsel's failure to object to the trial court's rescheduling of his trial beyond the proscribed limits, failure to object to the State's motion for continuance, and failure to move for dismissal under the provisions of Crim.Rule 4(B) represents conduct which fell below prevailing professional norms. Rhoton concludes that but for trial counsel's inaction, he would have either been brought to trial within one year or the charges against him would have been dismissed. We disagree.

In order to prevail on a claim of ineffective assistance of counsel, Rhoton must show that his attorney's performance was deficient, that is, fell below the wide range of professionally competent assistance and that he was prejudiced thereby. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied; Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. Rhoton must overcome, with strong and compelling evidence, the presumption that his counsel was competent, and the evidence as a whole must lead unmistakably and unerringly to the conclusion that trial counsel rendered ineffective assistance of counsel. *Short v. State* (1989), Ind., 539 N.E.2d 939. Rhoton must prove that he was prejudiced by demonstrating that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Geary v. State* (1986), Ind., 497 N.E.2d 228.

Rhoton has not demonstrated that but for counsel's conduct the result of the proceedings would have been any different. If timely objection to the scheduling of his trial outside the proscribed time limit had been made, then, the court would have been put on notice that it was scheduling Rhoton's trial beyond the one-year limit. Thus, the trial court could have either reaffirmed the March 6, 1984 trial date, rescheduled Rhoton's trial to a date no later than May 29, 1984, or on its own motion entered an order continuing the trial due to a congested calendar. In either event, Rhoton would not have been automatically discharged. Rhoton has not sustained the burden of proof required to demonstrate ineffective assistance of counsel.

The judgment of the post-conviction court is affirmed.

SHIELDS and MILLER, JJ., concur.